### MARSHALL et, v. NEW INVENTOR'S CLUB; Inc.

Common Pleas Court, Cuyahoga County.

No. 642228. Decided December 2, 1953.

Albert R. Teare, Curtis C. Williams, Jr., George Knowles, Cleveland, for plaintiffs.

Stephen M. Young, Cleveland, for defendant.

### OPINION

By BELL, J.

Plaintiffs are the President, Vice President, Treasurer and Secretary of the Cleveland Bar Association, a voluntary unincorporated organization comprising practicing lawyers of Cuyahoga County. The action was brought for the plaintiffs themselves and for and on behalf of all other members of the association and all other attorneys at law licensed to practice in the State of Ohio.

The defendant is a corporation for profit organized under the laws of the State of Ohio. Its Articles of Incorporation state the purpose of the corporation to be:

"The assisting of inventors in the development of their ideas and the promoting and negotiating of sale of their ideas on a fee or commission basis."

The stock of the corporation is held by William J Korth, Hazel Korth, his wife, Mr. and Mrs. W. E. Chapman, who are Mrs. Korth's parents, and one Mr. Wynbrandt, an accountant. The business is operated by Korth, who holds three shares of stock and spends full time at the business. Wynbrandt holds one share and makes up the financial returns for the corporation. The balance of the shares are held by Mrs. Korth and her parents, none of whom are active in the business.

The record in this case fully reveals the operations of the defendant. Briefly summarized, they are: the defendant corporation advertises and holds itself out as a "Club" which charges and receives dues in the amount of $5 per year from each of its 4,700 members. None of these members are stockholders in the corporation and the "Club" has no organization apart from the corporation. These dues are all deposited in a bank account maintained in the name of the corporation and there is no bank account for the club apart from the corporation. Similarly, all moneys received from inventors for making searches, preparing applications for patents, drafting contracts, etc., are deposited only in the corporation account.

The $5 membership dues represents all an inventor has to pay to entitle him to free advice and consultation the year 'round. If he needs working models, searches, or patent applications, he then pays extra on a fixed price basis.

The defendant, according to the advertising it has done, as shown by the evidence, and according to the testimony of Korth, renders opinions as to the patentability of inventions, prepares applications for Letters Patent of the United States, prepares amendments to such applications, drafts contracts, prepares affidavits and assignments for transferring title in patent applications and patents.

The defendant, which is primarily a one-man corporation occupying a one-room office, employs a patent attorney in Washington and one Ohio attorney and some laymen to perform these services, all of whom are paid by the corporation. Correspondence from the defendant to its "members" would give the impression of many departments since letters would be signed over phrases such as "Research Department." "Advisory Board," and "Legal Department," many of the latter of which were signed by non-lawyers and clerks who doubled as members of any convenient "department."

Plaintiffs contend the activities of the defendant constitute

an unauthorized practice of law and seek to enjoin the defendant from performing such services.

**Sec. 1701.04 R. C.,** provides that a corporation may be formed for any purpose or purposes other than for carrying on the practice of any profession. This limitation clearly applies to the practice of law. The practice of law involves a personal relationship which cannot be fulfilled by a corporation, and the practice of law is confined to those who have met the prescribed requirements and have been regularly admitted to the bar. **Land Title Abstract & Trust Co. v. Dworken, 129 Oh St 23, 193 N. E. 650; Judd v. City Trust & Savings Bank, 133 Oh St 81, 12 N. E. 2d 288.**

If, then, the services admittedly performed by the defendant are such as constitute the practice of law, ones in whom the right to practice law is vested may be protected by injunction from the invasion of that right. Land Title Abstract & Trust Co. v. Dworken, supra.

### Rendering Opinions As To Patentability

The proof in this case is clear that the defendant provided its "members" with a printed form upon which a record of an invention could be made. (It is interesting to note that this form included a so-called will, which incidentally would not be in accord with the Ohio law on wills.) Upon receipt of this information about an invention, the defendant would cause a search to be made in the Patent Office and would advise the inventor by letter of the result of that search. The corporation would advise as to patentability by means of a rubber stamp reading "advise to proceed for patent application" impressed on the letter to the inventor.

Not every alleged patent is patentable. Hence the rendering of an opinion as to patentability requires a knowledge of the patent statutes and of the decisions interpreting them. A knowledge of the decisions would be particularly essential in determining questions concerning patentable inventions. Clearly the rendering of such opinions constitutes the giving of legal advice.

### Preparing Applications For Letters Patent

Prior to May 15, 1952, applications were signed by David H. Eckrodd, an attorney admitted to practice in Ohio, who was employed by defendant. After his disbarment from practice before the Patent Office; effective May 15, 1952, the defendant advised its "members" that it had adopted a "new policy," that services would be performed "as usual" by the corporation, but that applications from then on would be signed by the inventor himself. The employees of the corporation continued, however, to prepare the applications.

That drawings, specifications and claims contained in a patent application must be so carefully drawn as to insure protection of the inventor from infringement is so well known in the patent field that it needs no elaboration here. The many Federal court decisions relating to infringements hinge in many instances on the meaning and interpretation extended to the claims of a patent in the light of previous decisions concerning patentability. A knowledge of these decisions would be essential to the proper drafting of an application.

Inventors paid fees to the defendant for preparing applications. Consequently, they had a right to rely on the competency of those who were preparing them. Yet the defendant, according to the record, sometimes hired law students to prepare these applications.

Because of the knowledge of statutes and decisions required to prepare applications in such a way that valuable rights would not be lost, it is the opinion of the Court that the preparing of patent applications constitutes the practice of law in Ohio.

Preparing Amendment to Applications for Letters Patent

The preparation of amendments to applications for letters patent requires the same knowledge utilized for drafting claims and necessitates the preparation of a brief with each amendment, citing authority on points of law which might be applicable to a particular fact in issue.

Perhaps even a greater knowledge of the law is required here than in the preparation of the original application and the reasoning is therefore stronger that this activity, which the proof shows clearly was carried on by the defendant, constitutes the practice of law.

The drafting of contracts, the preparing of affidavits and of assignments have been so uniformly held to constitute the practice of law, both in Ohio and elsewhere, that the citation of authority or a further extension of the subject does not appear necessary to the Court.

The record is clear in this case that the defendant is a corporation and, as such, was performing the services herein discussed. It is the opinion of the Court that such services constitute the practice of law of Ohio and that the defendant should be enjoined from further performing such services.

Counsel for plaintiffs may prepare an entry, noting defendant's exceptions, enjoining the New Inventor's Club, Inc., its officers, agents, employees and all others acting for or in concert with them or any of them, from performing or offering to perform any and all of the services discussed herein and

any and all other legal services of any nature whatsoever, and submit said entry to counsel for defendant and to the Court for approval.