In the Matter of NEW YORK COUNTY LAWYERS ASSOCIATION,
Petitioner. ANONYMOUS, Respondent.

Supreme Court, Special Term, New York County, March 8, 1955.

*George R. Adams* for petitioner.

*Kenneth M. Spence* and *Nathaniel Phillips* for respondent.

EDER, J. This is a special proceeding instituted by petitioner
for an order adjudging respondent in contempt for unlawfully
practicing law. It is brought pursuant to subdivision 2 of sec-
tion 90 of the Judiciary Law (providing that the Supreme Court
shall have power and control over all persons practicing or
assuming to practice law) and subdivision B of section 750 of

the Judiciary Law (granting the Supreme Court power to punish such persons for criminal contempt).

Respondent is a Mexican citizen, admitted to practice law in the courts of the Republic of Mexico. He is not admitted to practice law in this State. He has maintained offices in this city and advertised regularly in daily metropolitan newspapers, offering his services for consultations and legal advice, principally with relation to Mexican divorces.

Respondent must be deemed to be a layman in this State and not authorized to give legal advice or render legal services to persons in this State. Advice given to the public by one holding himself out to be a " consultant in the law of his specialty ", although not duly admitted to the Bar of this State, constitutes the unlawful practice of law. (*Matter of New York Co. Lawyers Assn.* [*Bercu*], 273 App. Div. 524, affd. 299 N. Y. 728.)

Respondent has admitted the factual allegations of the petition, and states that he " Agrees that he will not in the State of New York give legal advice or render legal services of any kind or in any manner to anyone other than to lawyers duly admitted to practice in the State of New York, or to lawyers duly licensed to practice law in other States who occasionally seek his advice concerning the law of Mexico; that he will not advertise in any newspapers. or publications of any kind in the State of New York other than in the New York Law Journal and similar legal publications, in which advertisements he will state in substance that he is a Mexican lawyer registered with the Mexican Consulate and that his services are offered only to lawyers duly admitted to practice law; that he consents to a finding by the Court that the activities described in the petition constitute the practice of the law and that the application of the Petitioner be granted as prayed for ".

The proposed agreement properly limits respondent's activities to the furnishing of legal advice to attorneys duly admitted to practice in this State, although permitting isolated and occasional consultations with lawyers of other States who may seek his advice here. In fact, the agreement is acceptable to petitioner provided respondent does not extend the giving of legal advice with respect to Mexican law to lawyers of other States into a regular practice. The order to be entered hereon may contain appropriate safeguards.

The court accordingly finds that respondent's activities described in the petition constitute the illegal practice of law and grants the motion to punish for contempt. No fine is imposed in view of respondent's lack of knowledge of the legally

permissible services he might render in this State and the absence of any definitive decision applicable to his specific field, as well as his prompt consent to the relief request. The prayer for injunction directed to any future illegal activities is also granted. Settle order.