*227 Froessel, J.
In this proceeding, brought under subdivision B of section 750 of the Judiciary Law, appellant has been adjudged in contempt (without further penalty) and enjoined, among other things, “ from practicing or assuming to practice law in any manner whatsoever, and from giving and furnishing any legal advice and opinions and rendering legal services of any kind, nature and description ”.
Appellant, a Mexican citizen and lawyer admitted to practice in the courts of that country, but never a citizen of the United States nor a member of the New York Bar', has maintained offices in the city of New York for a considerable period of time. He advertises in a daily newspaper as follows: “ Mexican Lawyer in N. Y. Lorenzo Boel, Registered Consulate, 149 Bway. BA 7-4796 ”.
At his offices, appellant (1) advised members of the public on Mexican law, including Mexican divorce law; (2) acted as a consultant to members of the Bar on Mexican legal matters, and (3) testified as an expert witness on Mexican law in actions and proceedings in the courts of this State. The actions of appellant in the latter two respects are not involved in this proceeding, and thus we do not pass upon them here.
Appellant does not deny that he prepares, in the city of New York, legal papers and documents which are required for the institution of divorce actions in Mexico, forwards the same to a lawyer whom he retains in Mexico to represent the client, and that he takes all the steps necessary or required to aid and assist in the procurement of such divorce; that he gives legal advice and renders legal services, within the city and State of New York, upon other matters pertaining to the laws of the Republic of Mexico; prepares and draws legal documents, contracts, agreements and other papers applicable and pertaining to the laws of Mexico; that such services and advice afore-mentioned are rendered by him within the city and State of New York and to residents and citizens of New York. Appellant also admits that he makes it a practice and a business *228 to render legal services to citizens and residents of this State to effect a divorce upon grounds not recognized hy the laws of this State, and by jurisdiction effected solely by consent of one or both of the parties involved; nor does he deny the fact that he fails to advise such persons of the legal consequences in this State of their acts, the effect thereof upon their estates, the rights of such parties in respect of their children, if any, or that such proceedings are or may be contrary to the public policy of this State.
Appellant concededly does not give any advice as to New York law and, in his contract of retainer form used for the past year in divorce actions, the client is requested to state that appellant “ assume[s] no responsibility concerning the lack of validity or legal effect ’ ’ of the divorce decree outside Mexico, and that the client has consulted an American lawyer of his own State. Previously appellant had included in these retainer agreements a statement that he advised the client to consult a competent local lawyer.
Petitioner asserts that appellant practices law in the State of New York without being licensed to do so, in violation of section 270 of the Penal Law, and that his newspaper advertisements violate section 1452 of the Penal Law. Its position is supported by amicus briefs filed by the New York State and Brooklyn Bar Associations, as well as by Unauthorized Practice News (Vol. XXII, No. 1, March, 1956, pp. 39-41), issued by the American Bar Association’s Committee on Unauthorized Practice of the Law, and partially supported by the Association of the Bar of the City of New York, which has also filed an amicus brief in favor of modification of the order below.
Appellant asserts that the fact that his practice is restricted to Mexican law makes the provisions of section 270 inapplicable to him. He urges that (1) he does not practice “ law ” in New York since he only gives advice and prepares instruments based on Mexican law, and Mexican law is not law in New York; (2) if he is deemed to practice “ law ”, he practices only Mexican law and is not violating section 270 of the Penal Law, and (3) if he is subject to section 270 of the Penal Law, that statute is unconstitutional.
It seems perfectly clear that the activities engaged in by appellant constitute the practice of law (People v. Alfani, 227 N. Y. 334, 337-339; Matter of New York County Lawyers Assn. *229 [Bercu], 273 App. Div. 524, affd. 299 N. Y. 728). The fact that Mexican law must be proven as “ fact ” in courts of our State is wholly irrelevant (see Civ. Prac. Act, § 344-a, subd. [B], particularly the last sentence). We are here examining the nature of the activities performed by appellant, not the sources of authority of the law which he practices. Whether a person gives advice as to New York law, Federal law, the law of a sister State, or the law of a foreign country, he is giving legal advice. Likewise, when legal documents are prepared for a layman by a person in the business of preparing such documents, that person is practicing law whether the documents be prepared in conformity with the law of New York or any other law. To hold otherwise would be to state that a member of the New York Bar only practices law when he deals with local law, a manifestly anomalous statement.
This result accords with that reached in Matter of Pace (170 App. Div. 818) where attorneys assisting a Delaware corporation in filling out forms in connection with the incorporation of three companies under Delaware law were found guilty of aiding the corporation in its illegal practice of law (see, also, Matter of New York County Lawyers Assn. [Anonymous], 207 Misc. 698). It is not inconsistent with our decision in Bennett v. Goldsmith (280 N. Y. 529) in which we held, under the Special Term findings, that a person holding himself out as capable of assisting immigrants in gaining legal entry was neither representing himself as being able to perform legal services nor actually performing them.
The question here presented is whether appellant, because he is practicing exclusively foreign law, is violating section 270 of the Penal Law by practicing law in this State without being licensed to do so. Section 270, so far as pertinent, provides: ‘ ‘ It shall be unlawful for any natural person to practice * * * as an attorney-at-law * * * or to hold himself out to the public as being entitled to practice law as aforesaid, or in any other manner, * * * or advertise the title of lawyer * * * in such manner as to convey the impression that he * * * conducts or maintains a law office * * * without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath ”.
*230 Appellant urges that the term 11 law ” as used in this section refers to New York law alone. The cases cited in support of this contention are in nowise apt. In dealing with the question as to what constitutes the unauthorized practice of law, we have not limited the practice of law to New York law. Thus persons or corporations engaging in the practice of Federal law have been found violating the statute (Matter of New York County Lawyers Assn. [Bercu], supra [accountant giving Federal tax advice]; Matter of New York County Lawyers Assn. [Cool], 294 N. Y. 853 [Labor Relations Institute giving Labor Law advice]; People v. Lawyers Tit. Corp., 282 N. Y. 513, 519-520 [corporation preparing legal documents for use under National Housing Act]. To the same effect: Petition of Kearney, 63 So. 2d 630 [Fla.] [member of Bar not admitted in Florida not allowed to practice as Federal tax counsel]; Gardner v. Conway, 234 Minn. 468 [accountant and Federal Tax Law]; Chicago Bar Assn. v. Kellogg, 338 Ill. App. 618, and Marshall v. New Inventors’ Club, 69 Ohio L. Abs. 578; 117 N. E. 2d 737 [Ohio Common Pleas] [patent consultant not a member of the Bar]). The decisions of our lower courts involving the laws of sister States (Matter of Pace, supra) and foreign countries (Matter of New York County Lawyers Assn. [Anonymous], supra) have reached the same conclusion.
Appellant argues here that the Association of the Bar and the New York County Lawyers Association have both held the course of conduct he engages in ethical, and therefore implied that it was legal. However, the opinions of the Committee on Professional Ethics of these groups have frequently called the attention of the foreign lawyer to section 270 of the Penal Law and its possible application to his activities (Opinions of Committees on Professional Ethics [Columbia Univ. Press, 1956], pp. 12, 15, 28, 41, 59, 428, 745). The Association recommended, in 1924 and 1925, that legislation be passed to change the state of the existing law and allow foreign lawyers to be licensed to practice in the limited area of their specialty, but no legislation was adopted. In 1947 the Association’s committee again recommended legislation on the subject (Record of Assn, of the Bar, Yol. 2, p. 136). In the meanwhile other amendments had been made to section 270 in 1939, not affecting this question. Recently, in 1955, hills were introduced in both the Assembly and the Senate in the respect advocated by the Association of *231 the Bar in 1924, but the bills were not reported out of committee (see 1 N. Y. Law Forum 376, 377).
In the present case we are dealing with the conduct of a person who renders legal services to the public as a business. While it is true that he renders only specialized services dealing with a field in which he claims to be peculiarly competent, the competence of appellant in the practice of his specialty is not dispositive of the case before us. In many fields of endeavor laymen acquire specialized knowledge which is relevant to the practice of law in that area. Thus accountants may know a great deal about tax law and labor relations consultants much about labor law. A specialized area of competence does not, however, entitle these laymen to engage in the business of giving legal advice based on their knowledge of the subjects. A foreign lawyer who is familiar with the law of the country in which he is a lawyer is in a similar position. He is a specialist in a particular field of the law, but is nevertheless a layman in this State when he is not a member of the Bar here.
It should be noted that if we were to reverse here and find that appellant was not violating section 270 of the Penal Law, it would not matter whether or not appellant was admitted as a lawyer in the foreign jurisdiction, nor whether he was competent to advise as to that law. Protection of the members of the lay public of our State, when they seek legal advice — and that is what defendant purported to furnish—is the basis of the requirements of licensing of attorneys by the State, and this protection must be deemed to embrace whatever kind of law or legal rights the layman seeks advice on (see Matter of New York County Lawyers Assn. [Standard Tax & Management Corp.], 181 Misc. 632). To allow a Mexican lawyer to arrange the institution of divorce proceedings for a New York resident in a Mexican court, without allowing him to tell the client that the divorce might be invalid (Querze v. Querze, 290 N. Y. 13) or that it might adversely affect estate or other property rights or status in this State (Matter of Rathscheck, 300 N. Y. 346), is to give utterly inadequate protection to him (see 70 Harv. L. Rev. 1112-1113). Nor are we in anywise persuaded by the argument in the brief of the Association of the Bar that there is any difference between the right of a Mexican lawyer to act and advise the public in divorce matters and the right *232 of foreign lawyers generally to act and advise with respect to foreign law.
When counsel who are admitted to the Bar of this State are retained in a matter involving foreign law, they are responsible to the client for the proper conduct of the matter, and may not claim that they are not required to know the law of the foreign State (Degen v. Steinbrink, 202 App. Div. 477, affd. 236 N. Y. 669). Moreover, the conduct of attorneys admitted here may be regulated by our courts (Matter of Gomez-Franco, 274 App. Div. 56; Matter of Anonymous, 274 App. Div. 89; see Caldwell v. Caldwell, 298 N. Y. 146, 147), and dealt with when they engage in unethical practices; they may not plead in defense that since the matter involved related to the law in New Jersey or Connecticut or anywhere outside of our jurisdiction, they were not practicing law and were therefore immune from disciplinary action. A foreign law specialist, on the other hand, is not subject to discipline; he need not be a lawyer of any jurisdiction ; he may be without good character; and his activities may not' even be regulated under the present state of the law.
The complex problem posed by the activities of foreign attorneys here is a long-standing one. It may well be that foreign attorneys should be licensed to deal with clients in matters exclusively concerning foreign law, but that is solely within the province of the Legislature. Our courts are given much control over the lawyers admitted to the Bar of our State; we have no control, however, over those professing to be foreign law experts.
We see no substance in appellant’s claim that section 270 of the Penal Law when applied to him deprives him of liberty and property without due process of law, in that the statute as so construed is unreasonable and serves no public purpose. Only recently the Supreme Court of the United States said: “ A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar ”, so long as such qualification has a rational connection with the applicant’s fitness or competency to practice law (Schware v. Board of Bar Examiners, 353 U. S. 232, 239). The requirements that the Legislature has established as a prerequisite for admission to the Bar were enacted for the protection of the public (People v. Alfani, 227 N, Y, 334; *233 339, supra). As heretofore pointed out, the public is as liable to injury when an unlicensed person gives advice to an individual as to his legal rights under foreign law as it is with respect to his rights under domestic law. The State need not have separate examinations for those who will specialize in real estate law, patent law, mining law, foreign law, or any other law. There are many branches of the law that a Bar examination does not reach, but the test is a general one which all qualified applicants are required to take. And so all are equally subject to the same character qualifications. Thus it is not unreasonable to require that a person desiring to engage in the practice of foreign law be admitted to the Bar here and be subject to the same rules as every other member of the Bar of this State.
Accordingly, the appeal taken as of right should be dismissed on the ground that no substantial constitutional question is involved; as to the appeal taken pursuant to leave, the order appealed from should be affirmed.