Wilmer D. REKEWEG, as Guardian of Mitchell D. Onstott, a minor, et al., **Plaintiffs,**

v.

FEDERAL MUTUAL INSURANCE CO., of Decatur, Illinois, J. B. Guthrie and David Peters, **Defendants.**

No. 1221.

United States District Court
N. D. Indiana,
Ft. Wayne Division.

Feb. 24, 1961.

J. Gareth Hitchcock, Paulding, Ohio, Howard S. Grimm, Auburn, Ind., for plaintiffs.

Hunt & Suedhoff, Ft. Wayne, Ind., Newkirk, Keane & Kowalczyk, Ft. Wayne, Ind., for defendants.

GRANT, District Judge.

This is a suit by the Guardian of one Mitchell D. Onstott, a minor, and by his father, to recover damages due to the alleged fraudulent actions of the Federal Mutual Insurance Co., and their agent, J. B. Guthrie, and the alleged negligent actions of an attorney, Mr. David Peters, at one time employed by the minor's father to prosecute an action on behalf of the minor against one John S. Fett, an insured of the defendant insurance company for injuries received by the minor when struck by an automobile driven by Mr. Fett.

The complaint alleges that the insurance company and their agent, Mr. Guthrie, fraudulently and falsely represented to Mr. Peters, the attorney, that they were liable under the circumstances and would settle this claim against Mr. Fett; that these representations continued until the applicable statute of limitations had expired, but that after the expiration of the statue of limitations the Insurance Company then informed Mr. Peters that they were no longer liable and broke off all negotiations. It is also alleged that Mr. Peters was negligent in failing to timely file an action before the limitations period expired.

A brief chronology of the events leading up to the institution of this suit might be helpful.

On May 25, 1958, Mitchell D. Onstott, while riding his bicycle near the town of Hicksville, Ohio, was struck by a car driven by Mr. John S. Fett. Nineteen (19) days later, on June 13, 1958, Mr. Fett, a resident of Ohio, died of natural causes at the age of seventy three (73). A Mr. L. S. Sidenbender was appointed Administrator of the Estate of John S. Fett on July 1, 1958. Under the laws of Ohio, claims against the estate of a resident decedent must be filed with the Administrator of the estate within nine (9) months after his appointment, or be forever barred.

On April 27, 1959, defendant, Federal Mutual Insurance Company wrote to Mr. Peters, stating that since no claim was filed within the statutory nine (9) months period they were no longer liable under the circumstances.

This suit was then filed on March 22, 1960. In the Complaint it is alleged that during the period from July 1, 1958 to April, 1959, the Insurance Company had been representing to Mr. Peters that they would settle the claim, but that as soon as the statutory period of limitations expired they broke off negotiations.

At present we have six Motions pending in this cause.

There is a Motion to Dismiss filed by defendants, Federal Mutual Insurance Company and J. B. Guthrie; a Motion to Separate Causes of Action filed by defendants, Federal Mutual Insurance Company and J. B. Guthrie; a Motion for a More Definite Statement filed by defendants, Federal Mutual Insurance Company and J. B. Guthrie; a Motion to Dismiss filed by defendant, David Peters; a Motion to Separate Causes of

Action filed by defendant, David Peters, and a Motion for the Production, Inspection and Copying of Certain Documents filed by the plaintiff, Wilmer D. Rekeweg. These motions will be taken up in the order listed above.

First: we have defendants' Federal Mutual Insurance Company and J. B. Guthrie's Motion to Dismiss on the grounds that the amended complaint was filed after a responsive pleading had been served. As authority, defendants cite Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants contend that their combined Motion to Separate Causes of Action, to Strike Portions of the Original Complaint and for More Definite Statement, filed against the original complaint, amounted to a "responsive pleading" within the meaning of Rule 15, F.R.C.P.

■ That such a Motion, or any Motion, is not considered a "responsive pleading" within the meaning of the terms as used in Rule 15, F.R.C.P., see Porter v. Montaldo's, D.C.Ohio 1946, 71 F.Supp. 372. Moreover, this Court feels that the term "responsive pleading" should be interpreted in the light of Rule 7(a) of the Federal Rules of Civil Procedure which defines "pleadings" as including only the Complaint, the Answer and the Reply. This Court cannot see fit to accept a broader definition and accordingly, the Motion to Dismiss, filed by the defendants, Federal Mutual Insurance Company and J. B. Guthrie, must be and the same is, hereby denied.

■ These same two above-named defendants have also filed a Motion to Separate the cause of action for fraud and deceit brought against them from the negligence cause of action brought against defendant, David Peters, on the theory that there is a clear hiatus between fraud and negligence, and also on the theory that the several defendants are not joint tort feasors. There is no disputing the fact that there is a clear separation between fraud and negligence and it is also indisputable that these de-

fendants are not alleged to be joint tort feasors. It does not follow, however, that these facts are sufficient to sustain the Motion to Separate.

Rule 20 of the Federal Rules of Civil Procedure provides, in pertinent part:

" * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

It is clear to this Court that this case comes squarely within the rule cited above. For this reason, the Motion to Separate of defendants, Federal Mutual Insurance Company and J. B. Guthrie is hereby denied.

These same two defendants have also filed a Motion to require plaintiffs to make a more definite statement as to what, specifically, Federal Mutual Insurance Company and/or J. B. Guthrie said and/or did to Mr. David Peters and/or the plaintiffs that amounted to deceitful and fraudulent conduct.

■ While it is true that Rule 9(b) of the Federal Rules of Civil Procedure requires averments of fraud to be stated with particularity, the degree of particularity defendant here seeks is greater than this Court believes the Rule intended. In the amended complaint it is alleged that these defendants fraudulently represented "that they were responsible in the circumstances and were honestly trying to effect a bona fide settlement when in fact they had no such intention." This is certainly enough particularity to

enable defendants to frame a responsive pleading. The Motion for a More Definite Statement is denied.

Defendant, David Peters, has filed a Motion to Dismiss on the grounds that the amended Complaint was not filed with leave of Court or with defendants' consent; that the amount in controversy does not exceed Ten Thousand Dollars ($10,000); that plaintiff, Harvey H. Onstott could not become a party to this suit merely by joining in an amended Complaint when he was not a party to the original Complaint; and that the action fails to state a claim upon which relief can be granted.

For the first ground cited above defendant cites Rule 15 of the Federal Rules of Civil Procedure. This theory has already been disposed of in a similar Motion filed by the other defendants.

■ On the second contention defendant merely cites Title 28 U.S.C.A. § 1331 as his authority. Nowhere does defendant allege any facts to sustain his contention that the amount here in controversy does not exceed Ten Thousand Dollars ($10,000). The prayer is for One Hundred Twenty-Seven Thousand Ninety Eight dollars ($127,098). Defendant does not allege or contend that this amount is not claimed in good faith. On the face of the record the Court can see no merit in defendant's contention.

■ The next contention presents somewhat more of a problem. Defendant, David Peters, contends that Harvey H. Onstott cannot become a party to this action merely by joining in the Amended Complaint. Authority for this contention is found in the case of Pacific Gas & Electric Company v. Fibreboard Products, Inc., D.C.N.D.Cal.1953, 116 F.Supp. 377, 379. As the California District Court pointed out, a party may be dropped or added only by "order of the Court" under Rule 21, Federal Rules of Civil Procedure. Although this Court is not bound by this District Court case the reasoning therein is quite persuasive.

The plaintiffs have cited no cases to the Court that hold contrary to Pacific Gas & Electric Co. v. Fibreboard Products, Inc., supra, nor has this Court been able to unearth any such decisions.

However, this Court can see no reason why defendants should be subjected to a second suit over these same issues. This Court has power, under Rule 21, Federal Rules of Civil Procedure, to add or drop a party "of its own initiative at any stage of the action and on such terms as are just." Accordingly, the Court, of its own Motion, in accordance with Rule 21, F.R.C.P., now adds Harvey H. Onstott as a party plaintiff to this action.

The last and most important ground relied upon by defendant, Peters, is that the amended Complaint fails to state a claim against him upon which relief can be granted. Defendant's theory is that he, as an attorney licensed only to practice law in the State of Indiana, cannot be negligent for his failure to know or ascertain the law of the State of Ohio, the state wherein this accident occurred, even though he had been retained to represent a person injured in that accident. As authority defendant cites Fenaille and Despeaux v. Coudert, 1882, 44 N.J.L. 286, and Citizens Loan, Fund & Savings Association v. Friedley et al., 1890, 123 Ind. 143, 23 N.E. 1075, 7 L.R.A. 669.

The holding in the Fenaille case lends some support to defendant's contention and Fenaille is cited in the Citizens Loan Fund case, a case from this State. Defendant contends, therefore, that "It must therefore be conclusively presumed that the Supreme Court of Indiana is in full accord with the language as stated in Fenaille and Despeaux v. Coudert."

■ A careful reading of the Indiana case belies this contention. In the Indiana case the New Jersey decision was cited for the proposition that an attorney is only responsible if he, through ignorance or neglect, fails to apply those principles of law that are well established and clearly defined in elementary legal works. The case in no way con-

cerns the duties of an attorney to know, or ascertain foreign law. There is nothing in the opinion to indicate that Indiana adopts the New Jersey rule that an attorney cannot be negligent when he is, and remains ignorant of the law of a sister state after undertaking a cause that involves the law of that sister state. Nor has this Court been able to discover any other Indiana case embodying such a rule, or, for that matter, any rule on this point of law.

Another view has been expressed by the Courts of New York. In the case of Degen v. Steinbrink, 1922, 202 App.Div. 477, 195 N.Y.S. 810, 814, affirmed 236 N.Y. 669, 142 N.E. 328, it was said:

"When a lawyer undertakes to prepare papers to be filed in a state foreign to his place of practice, it is his duty, if he has not knowledge of the statutes, to inform himself, for, like any artisan, by undertaking the work, he represents that he is capable of performing it in a skillful manner."

This case was cited with approval In re Roel, 1957, 3 N.Y.2d 224, 165 N.Y.S.2d 31, 37, 144 N.E.2d 24. There the Court held:

"When counsel who are admitted to the Bar of this State are retained in a matter involving foreign law, they are responsible to the client for the proper conduct of the matter, and may not claim that they are not required to know the law of the foreign State."

■ This Court is of the opinion that the better rule is that adopted by the Courts of New York. Since no Indiana authority can be found on this precise issue, this Court is free to hold as it believes Indiana would hold were this problem to arise in an Indiana State Court. Therefore, this Court hereby adopts the rationale and holdings of the New York cases cited above and for this reason, defendant, David Peters' Motion to Dismiss is, accordingly, denied.

Defendant, David Peters, has also filed a Motion to Separate Causes of Action. His contentions are the same as those raised by the other defendants in their Motion to Separate. For the identical reasons this Court denied the previous Motion of Federal Mutual Insurance Company and J. B. Guthrie, this Motion is also denied.

The last Motion before us for disposition is plaintiff, Wilmer D. Rekeweg's Motion to Produce. Plaintiff seeks of defendant, Federal Mutual Insurance Company,

(a) the report of its original investigation of the May 25th, 1958, accident;

(b) its record of communications between it and J. B. Guthrie between May 25, 1958 and April 1, 1959;

(c) its record of communications between itself and/or J. B. Guthrie which were had with Mr. David Peters between May 25, 1958 and June 30, 1959;

(d) its record of any reserve for contingent liability it entered upon receiving notice of plaintiff's claim;

(e) all photographs, maps or drawings relating to the facts set out in the Complaint; and

(f) records pertaining to the scope of the duties and authority of J. B. Guthrie between May 25, 1958 and April 30, 1959.

Defendant objects to the production of any of the records sought on the grounds that the Motion is not verified; the Motion is unaccompanied by any affidavits; good cause has not been shown; the documents sought are private and privileged; the documents are the work product of an attorney; the documents are not within the purview of Rule 34, Federal Rules of Civil Procedure; the Motion seeks a pure "fishing expedition"; the Motion constitutes an unreasonable search and seizure under the Constitution of the United States, and the record designated in part 1(d) of plaintiff's Mo-

tion is not a "tangible thing" within the meaning of Rule 34.

Defendant lays great stress on the fact that this Motion is not verified nor accompanied by an affidavit. Rule 34 of Federal Rules of Civil Procedure does not require either verification or affidavits. The rule merely requires that the movant show "good cause". Such a showing *could* be made by affidavit, but may also be shown in the Motion itself. The cases cited by defendant: Victory v. Manning, 3 Cir., 1942, 128 F.2d 415, and Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., Inc., D.C.E.D.N.Y.1939, 30 F.Supp. 903, 905, are not persuasive. The Victory case did not even involve Rule 34 and in the French case the Judge stated that "All that is presented is the notice of motion, and of its presentation." Unlike the French case, plaintiff, in his Motion, made a showing of "good cause". Although the showing was not by way of affidavit, "good cause" has, in the opinion of this Court, been shown as to all of the items requested with the exception of 1(d). In this case, plaintiffs will be required to establish their claims largely from these documents which are in the possession and control of the defendant, Federal Mutual Insurance Company. Whether these documents be admissible as evidence, a problem that weighed heavily with the District Judge in Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., Inc., supra, is not now before this Court, nor is the admissibility controlling, see Caplin v. United Feature Syndicate, D.C.N.Y.1948, 8 F.R. D. 424. In this Caplin case which was similar to our case at hand in that the plaintiff's case rested largely on documents in the files of the defendant, it was held that if the production of the documents was reasonably calculated to lead to the discovery of admissible evidence a sufficient showing of "good cause" had been made and the documents were ordered produced. Following the Caplin case, this Court holds that "good cause"

has been shown as to all of the items sought with the exception of 1(d).

Defendant next contends that many of these documents are private and privileged. As to the reserve for contingent liability, part 1(d) of plaintiff's Motion, there is no need for discussion because the Court has already indicated that a sufficient showing of "good cause" has not been made.

Defendant's contention that Company records concerning the duties and authority of Mr. J. B. Guthrie are private and privileged is not supported by any citation of authorities. In the opinion of this Court these records are closely akin to "records made in the regular course of business". Such records are not privileged and must be produced when "good cause" has been shown. Dowd v. American S. S. Co., D.C.N.Y. 1945, 5 F.R.D. 240, and cases cited therein. This Court holds that none of the documents sought, for which a showing of "good cause" has been made, are private and/or privileged matter immune from production under Rule 34, F.R.C.P.

Defendant next contends that any of these documents that represent "work product of an attorney" are not subject to production under the rule of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The Court might point out in passing that Hickman v. Taylor, supra, did not lay down any such all-exclusive rule, but merely held that "work product" would not be the subject of discovery in the absence of unusual circumstances.

However, the Court need not go further and attempt to apply the Hickman v. Taylor rule to this case as counsel for the defendant does not designate which of the requested documents are the "work product" of an attorney. Under these circumstances, the Court has nothing before it upon which it may rule.

Defendants' remaining contentions: that these documents are not within the purview of Rule 34, Federal Rules of

Civil Procedure; that this Motion seeks a pure "fishing expedition"; and that this Motion constitutes an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States, are a "shotgun" approach not warranted by the documents sought. All of the items requested are concerned solely with the bicycle-automobile accident of May 25, 1958, or will be so limited by the Court. Relevancy and "good cause" are the determinative considerations in granting discovery under Rule 34. These items are clearly relevant and the Court has previously determined the question of "good cause".

 As to this Motion being a mere "fishing expedition" this Court cannot agree. The documents sought are limited in scope and described with sufficient particularity to avoid this charge.

The contention that this Motion constitutes an unreasonable search and seizure is without merit. The cases cited, Boyd v. United States, 1886, 116 U. S. 616, 6 S.Ct. 524, 29 L.Ed. 746, and Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, are not in point. The documents here sought are not to be used in a criminal prosecution as in Boyd, nor do they constitute practically all of the records of the corporation as in Hale v. Henkel, supra.

For all of the above mentioned reasons, the Motion of plaintiff for the production, inspection and copying of the documents specified in parts 1(a), 1(c) and 1(f) are granted as requested.

The documents requested in part 1(b) of the Motion are granted, provided, however, that the communications shall be limited to those concerning the claim against Mr. Fett rather than "all" communications which would appear to be broad enough to encompass matters beyond the scope of this litigation.

The documents sought in part 1(e) are also granted, provided that they will be limited to those, if any, pertaining to the accident of May 25, 1958.

The documents and/or records requested in part 1(d) are denied for a failure to show "good cause" therefor.

Defendants are given twenty (20) days within which to comply with the rulings of this Court and to answer the Complaint.