## Hendershot v. Hendershot

240

*Gary D. Wilt,* for plaintiff.
*Margaret Biggs*, for defendant.

EPPINGER, *P.J.,* February 18, 1982 — When this custody action came before the court for hearing, defendant objected to plaintiff's representation by Attorney Gary D. Wilt or any member of his firm because of an earlier attorney-client relationship with her. A hearing was held and it was shown that around October, 1978, defendant talked to Mr. Wilt asking for legal advice with regard to a tap on her telephone, the denial of welfare and her poor circumstances. At the time she was upset and may have come across to Mr. Wilt as incoherent. Instead of sticking strictly to what she had in mind, the two of them entered into a discussion of personal matters, some not specifically identified but some about her son Derick. Derick is the child whose custody is in dispute.

It is Mr. Wilt's version that he and Mrs. Hendershot had their first discussion at a church, where she called him aside to talk about matters that did suggest legal problems. There was a second meeting at his office, where he heard her more and

decided that the most appropriate action he could take was to assist her in obtaining counseling. He confirmed that as a result of these discussions he referred her to the Office for Children and Youth and the Drug and Alcohol Council, among other agencies. He also made arrangements for her to see a doctor.

After this visit, Mrs. Hendershot never returned to Mr. Wilt's office and she never paid him a fee, though there was some discussion about that and she said that she was unable to do so.

From this we must determine whether a relationship existed between Mr. Wilt and Mrs. Hendershot that would prevent him from representing her husband in these proceedings. First, whether such a relationship existed does not depend on an agreement to or the payment of a fee. E. F. Hutton & Co. v. Brown, 305 F. Supp. 371 (S.D. Texas, 1969). A party seeking to have opposing counsel disqualified because of a conflict of interest must prove (1) a prior attorney-client relationship between them and (2) the matters involved in the current action are substantially related to the subject matter of the former representation. Pa. Power & Light Co. v. Gulf Oil Corp., 74 D.&C. 2d 431 (1975).

Among the factors to be considered in determining the best interest of a child in a custody dispute are the character and fitness of the parents and their ability to adequately care and provide for the child. Kessler v. Gregory, 271 Pa. Super. 121, 412 A.2d 605 (1979). Past conduct is reviewable for the purpose of foretelling the future. Commonwealth ex rel. Fritz v. Doe, 25 Cumb. 186 (C.P., 1975). It seems clear that the information Mr. Wilt acted on is substantially related to the subject matter of this proceeding, even though not necessarily matters

about which Mrs. Hendershot made her original inquiry to Mr. Wilt. He may have information or knowledge from his conversation with Mrs. Hendershot that would assist his client in this present proceeding.

We now come to the question of whether Mrs. Hendershot was seeking legal services. We perceive that this depends on whether she went to Mr. Wilt for advice requiring a knowledge of legal decisions, statutes and regulations. Marshall v. New Inventor's Club, 117 N.E. 2d 737 (Ohio Com. Pl., 1953). We conclude that asking about a telephone tap and eligibility for welfare is a request for legal services. There is therefore present a request for legal services by Mrs. Hendershot and an acceptance of the offer by the attorney which can be implied from the conduct of these parties. E. F. Hutton Co. v. Brown, supra, 305 F. Supp. at 388.

Out of this relationship Mr. Wilt developed information which was not necessarily germane to Mrs. Hendershot's original inquiry. However, under the Code of Professional Responsibility, an attorney must not accept employment against a former client which will or may require him to use confidential information he obtained from the former client against that person. Slater v. Rimar, Inc., 462 Pa. 138, 338 A.2d 584 (1978). We conclude that for Mr. Wilt to proceed at the minimum may require him to use information he obtained from Mrs. Hendershot against her.

## ORDER OF COURT

February 18, 1982, it is ordered that Gary D. Wilt and his associates are disqualified from representing plaintiff, Ronald Hendershot in these proceedings.