■ The People of the State of New York, Respondent, v Sevil Aksoy, Appellant. The People of the State of New

YORK, Respondent, v LESTER JANOFF, Appellant. [595 NYS2d 402] —Judgments, Supreme Court, New York County (Howard E. Bell, J.), rendered June 3, 1992, after jury trial, convicting defendant Aksoy of scheme to defraud in the first degree, insurance fraud in the fifth degree (4 counts), and attempted petit larceny, and convicting defendant Janoff of insurance fraud in the fifth degree (3 counts), and attempted petit larceny, and sentencing defendant Aksoy to a term of imprisonment of 30 days and a term of probation of 5 years, and sentencing defendant Janoff to pay fines and mandatory surcharges totaling $11,910, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

A review of the record indicates that these defendants were properly tried jointly in connection with charges of filing and pursuing fraudulent personal injury claims (CPL 200.40; *People v Mahboubian,* 74 NY2d 174).

Evidence at trial that defendants filed at least 16 separate personal injury claims against various entities over a period of approximately 10 years, seeking insurance benefits to compensate for similar injuries while denying to each civil defendant any previous or subsequent similar injuries, when viewed in the light most favorable to the People and giving them the benefit of every favorable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), provides overwhelming evidence of defendants' guilt of the crimes charged *(People v Bleakley,* 69 NY2d 490).

With respect to defendant Janoff's claim that the People's evidence showed merely appropriate representation of his client rather than criminal liability, the jury's determination otherwise is amply supported by evidence of the long-term professional association between defendant Janoff and defendant Aksoy, the various documents submitted by defendant Janoff in alleged support of each of defendant Aksoy's personal injury claims, defendant Janoff's active participation in various related depositions at which defendant Aksoy gave conflicting, untrue, or evasive testimony regarding other similar injury claims, and defendant Janoff's failure to comply with a discovery stipulation intended to reveal prior similar injury claims.

The jury's fact and credibility determinations regarding issues before it of motive and legitimacy of the claims filed are entirely reasonable and will not be disturbed by this Court *(People v Gruttola,* 43 NY2d 116, 122).

The trial court appropriately exercised its discretion in denying a defense motion for discharge of a deliberating juror (and a mistrial based thereon), as there was no evidence that the juror, who had raised complaints over the inconvenience to him of extended deliberations, was unable to continue service or was grossly unqualified to serve, so as to permit dismissal of that juror pursuant to CPL 270.35 (see, People v Washington, 75 NY2d 740).

Defendant Janoff, having received the benefit of an appropriate jury charge on intent, as well as a supplemental charge specifically requested by his counsel, cannot reasonably claim that he was prejudiced by such supplemental charge (People v Dekle, 56 NY2d 835, 837).

We have considered defendants' additional claims of error and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.