OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in each case should be affirmed.
 

 Defendant Janoff, an attorney, seeks to overturn his convictions for insurance fraud and attempted petit larceny, and codefendant Aksoy seeks to overturn her convictions for the same crimes as well as for scheme to defraud in connection with defendant JanofFs filing of over 15 fraudulent personal injury claims on behalf of Aksoy and her infant son against various insurers over a 10-year period. The record is replete with evidence that Janoff repeatedly represented Ak
 
 *914
 
 soy and her son while they denied under oath ever having suffered prior injuries, that Janoff had actually represented the Aksoys in earlier litigations against different defendants in which the very same injuries were claimed and that he joined in the clients’ affirmative misrepresentations by failing to accurately comply with a discovery stipulation in which prior like injuries would have been revealed. Accordingly, the proof was sufficient to support the jury verdict that defendant Janoff had actual knowledge that the lawsuits he commenced on defendant Aksoy’s behalf were fraudulent
 
 (see, People v Malizia,
 
 62 NY2d 755, 757,
 
 cert denied
 
 469 US 932).
 

 The unobjected-to language used in the court’s initial instructions on intent adequately conveyed to the jury that to be found guilty of insurance fraud, defendant Janoff must have had actual knowledge of his client’s fraud and must have shared that criminal intent. Defendant Janoff was not entitled to an initial instruction on intent in language crafted by defense counsel and was not prejudiced by the court’s decision to give the requested instruction to the jurors after they requested a clarification during deliberations
 
 (see, People v Radcliffe,
 
 232 NY 249, 254).
 

 The indictment properly included one count of insurance fraud for each of the allegedly fraudulent personal injury
 
 claims
 
 filed by defendants against each insurer. The rule against duplicitous pleadings
 
 (see,
 
 CPL 200.20 [1]; 200.30) does not require a separate count for each component
 
 document
 
 submitted in support of the same fraudulent insurance matter where, as here, the "all-or-nothing” theory of the prosecution was that the commencement of each personal injury lawsuit or claim and not the filing of individual documents constituted the criminal offense.
 

 Under Penal Law § 176.05, the crime of insurance fraud is committed upon the filing of a false "written statement
 
 as part of, or in support of, * * * a [fraudulent insurance] claim for payment”
 
 (emphasis added;
 
 see also, People v Alfaro,
 
 108 AD2d 517, 520,
 
 affd
 
 66 NY2d 985). A written statement within the meaning of the statute may consist of one materially false or misleading document or multiple documents collectively submitted to the insurer to advance a single fraudulent claim
 
 (see,
 
 Penal Law § 176.00 [2]).
 

 The criminal act which constitutes the offense jointly encompasses the filing of documents and the making of a false claim for payment. Thus, the submission of each document
 
 *915
 
 was not a repeated instance of a particular offense that was required to be contained in a single count
 
 (cf., People v Keindl,
 
 68 NY2d 410). Rather, the submissions were multiple overt acts done in furtherance of the commission of a single crime, the essence of which is the filing of a false claim for payment
 
 (see, People v Ferone,
 
 136 AD2d 282, 286 [procurement of personal insurance policy, in absence of subsequent claim for payment under policy, not a fraudulent insurance act under Penal Law § 176.05]). In other words, the series of acts done in furtherance of filing the false claim could not be divorced from the ultimate act of making the claim for payment for purposes of separate prosecution. Indeed, that higher degrees of the crime of insurance fraud are correlated with a specific value of property wrongfully secured indicates a legislative intent to equate the criminal act with the filing of the entire claim and not with the filing of each individual statement
 
 (see,
 
 Penal Law §§ 176.15, 176.20, 176.25, 176.30).
 

 The defendants’ remaining contentions lack merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 In each case: Order affirmed in a memorandum.