[672 NYS2d 89]

In the Matter of LESTER D. JANOFF (Admitted as LESTER DAVID JANOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 28, 1998

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Gustave H. Newman* of counsel (*Newman & Schwartz*, attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Lester D. Janoff was admitted to the practice of law in the State of New York by the Second Judicial Department, as Lester David Janoff, on March 18, 1964. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On March 18, 1992, following trial in the Supreme Court of the State of New York, County of New York, respondent was convicted of three counts of insurance fraud in the fifth degree and one count of attempted petit larceny. Both crimes are misdemeanor offenses. The court imposed a fine in the amount of $11,910, including mandatory surcharges. On March 16, 1993, this Court affirmed the judgment (*People v Aksoy*, 191 AD2d 271, *affd* 84 NY2d 912).

Respondent's criminal conviction and the disciplinary charges against him result from his representation of a mother and son, who were plaintiffs in numerous personal injury actions extending over a 10-year period. Disciplinary proceedings were initiated following respondent's criminal conviction and, on November 29, 1993, this Court entered an order granting the Departmental Disciplinary Committee's petition for a finding that respondent's offenses constitute "serious crimes" pursuant to Judiciary Law § 90 (4) (d). This Court referred the matter back to the Disciplinary Committee to conduct a hearing and recommend an appropriate sanction. During the course of the hearing, the Committee, *sua sponte*, initiated an investigation into additional misconduct relating to respondent's criminal offenses.

The Disciplinary Committee brought 20 formal charges against respondent, containing allegations similar to those underlying the criminal charges. Many of the formal charges involve the submission of inaccurate medical reports. They allege that respondent knew or should have known that his clients gave false and misleading information to doctors, which was thereby incorporated into false medical reports and relied upon by his adversaries.

The proceedings arising out of respondent's conviction of serious crimes and the formal charges subsequently preferred by the Committee were consolidated. Numerous hearings were

held between July 1995 and July 1996, following which the Hearing Panel issued a 65-page report setting forth its factual findings, conclusions of law and recommendation for sanction. In addition, the Hearing Panel issued a 22-page supplemental report concerning the application of collateral estoppel to its review of the criminal conviction and respondent's obligation to correct false deposition testimony given by his clients. The Hearing Panel dismissed all disciplinary charges against respondent and, as a sanction for his conviction of serious crimes, recommended only public censure.

The Departmental Disciplinary Committee moves to disaffirm the recommendation of the Hearing Panel. It proposes that respondent be suspended for a period of three years (assuming this Court agrees that dismissal of the disciplinary charges is warranted) as a result of his conviction.

The Hearing Panel improperly engaged in an analysis of the jurors' reasoning, speculating that the verdict was a compromise based upon its independent assessment that the evidence does not support conviction. In applying the doctrine of collateral estoppel to its review of the general verdict, the Hearing Panel impermissibly considered extrinsic evidence to determine what issues were litigated and were, therefore, necessarily decided by the jury as essential to the judgment of conviction.

The parties do not dispute that *Matter of Levy* (37 NY2d 279), *Matter of Schwartz* (164 AD2d 184) and the Rules of this Court (22 NYCRR 603.12 [c]; 605.13 [j] [3]) set forth the applicable law. This Court has declared, in unequivocal terms, by the enactment of these two rules, that an attorney convicted of a crime cannot challenge the issue of guilt in disciplinary proceedings. The Court rule (22 NYCRR 603.12 [c]) states, in pertinent part: "A certificate of the conviction of an attorney for any crime shall be conclusive evidence of his guilt of that crime in any disciplinary proceeding instituted against him and based on the conviction, and the attorney may not offer evidence inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime."

Thus, an attorney convicted of a crime may not relitigate the issue of guilt but may only introduce evidence to explain or mitigate the significance of his conviction (*Matter of Levy*, *supra*, at 281). Concomitantly, a Hearing Panel may not engage in a wholesale review of a jury verdict. Therefore, the Hearing Panel's findings with respect to the serious crime portion of the hearing must be disaffirmed.

We further disaffirm the Panel's findings with regard to the dismissal of the formal disciplinary charges. Having knowingly submitted false and misleading bills of particulars, failed to correct false deposition testimony and acquiesced in the filing of false medical reports in order to obtain favorable settlements, respondent violated numerous provisions of the Disciplinary Rules, specifically: engaging in conduct involving fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3); engaging in conduct reflecting adversely on his fitness to practice law, in violation of DR 1-102 (A) (6) (now DR 1-102 [A] [8]); participating in the creation or preservation of evidence known to be false, in violation of DR 7-102 (A) (6) (22 NYCRR 1200.33); and intentionally assisting a client in illegal or fraudulent conduct, in violation of DR 7-102 (A) (7).

Despite respondent's conviction for several misdemeanor offenses, the Hearing Panel recommends only public censure, not suspension. This Court finds that evidence of respondent's complicity in the submission of false and misleading medical reports and testimony is substantial. Therefore, the Court concludes that respondent has committed serious infractions of the Disciplinary Rules and agrees with the Disciplinary Committee that suspension is warranted, although for a greater period than that proposed.

Accordingly, the report of the Hearing Panel is disaffirmed. The motion of the Departmental Disciplinary Committee is granted to the extent that respondent is suspended from the practice of law for a period of four years, effective immediately. Respondent's cross motion to confirm the Hearing Panel's report is denied.

SULLIVAN, J. P., MILONAS, ROSENBERGER, ELLERIN and RUBIN, JJ., concur.

The motion is granted to the extent that the report of the Hearing Panel is disaffirmed, and respondent is suspended from the practice of law in the State of New York for a period of four years, effective immediately, and until the further order of this Court. Respondent's cross motion to confirm the Hearing Panel's report is denied.