■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ZIMBERG, Appellant. [677 NYS2d 312] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered November 13, 1996, convicting defendant, after a jury trial, of grand larceny in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The evidence was more than sufficient to support the verdict. All the elements of grand larceny were established by proof that defendant participated in a scheme under which he and a cohort stole over $1 million from Group Health, Inc. There was ample evidence of defendant's guilty knowledge and larcenous intent (*see, People v Aksoy*, 84 NY2d 912).

Defendant's arguments that the People failed to prove the market value of the stolen property, and that the jury was not properly instructed on the appropriate definition of value, misperceive the People's theory of the case. Defendant was not charged with stealing computer equipment; he was charged with stealing the money that constituted the difference be-

tween what the company paid for the equipment under the scheme and what it would have paid, in the absence of the scheme. The concept of market value is inapplicable here.

The trial court properly exercised its discretion with respect to the amount of time provided to defense counsel to review the *Rosario* material, particularly in light of defendant's representation by two experienced attorneys. Likewise, the court properly exercised its discretion under all the circumstances in denying defendant's inadequately supported request to recall a witness for further cross-examination concerning facts contained in the *Rosario* material applicable to a different witness.

Nor does the court's conduct during trial warrant reversal. While the Trial Judge was impatient and sarcastic with defense counsel throughout the trial, most of his remarks were made outside the presence of the jury, and those heard by the jury were of a milder tone. Review of the evidence, as well as the court's curative instructions, reveals that the jury was able to reach an impartial verdict based solely upon the evidence (*see*, *People v Moulton*, 43 NY2d 944).

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion (*see*, *People v Love*, 57 NY2d 998), we conclude that defendant was afforded meaningful representation (*People v Baldi*, 54 NY2d 137).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.