OPINION OF THE COURT
Caesar D. Cirigliano, J.
Defendant by his attorney moves for various relief. The omnibus motion is disposéd of as follows:
This court has granted the defendant’s motion to inspect and has read the Grand Jury minutes in camera. The evidence adduced before the Grand Jury was, essentially, that defendant had been admitted to practice as an attorney and counselor-at-law in the State of New York on March 30, 1977; that his name was stricken from the roll of attorneys authorized to practice law in this State by the Appellate Division, First Department, on or about June 17, 1993; that in September 1997 the defendant met with the complainant, Kevin Joyce, in the latter’s Bronx apartment; that at this meeting, the defendant held himself out as an attorney and undertook to prepare and file and prosecute a mechanic’s lien on béhalf of the corporation of which Mr. Joyce was the principal in consideration of a $4,000 retainer ($1,000 of which was paid at that time and the balance of which was paid thereafter); that the defendant thereafter prepared a mechanic’s lien and related documents and signed Mr. Joyce’s name thereto without the latter’s review of the documents or authority and filed same in New Jersey; and that the mechanic’s lien was thereafter vacated in New Jersey due to defendant’s failure to adhere to proper practice and procedure there. The Grand Jury indicted defendant for one count of practicing law without being admitted (Judiciary Law § 478), *561 one count of practicing law as an attorney who has been disbarred or suspended (Judiciary Law § 486), two counts of criminal possession of a forged instrument in the second degree (the mechanic’s lien and related documents), and one count each of grand larceny in the third degree and criminal possession of stolen property in the third degree (the $4,000). The evidence was legally sufficient to support all of these counts. (See also, Penal Law § 165.60 [2].) Further, the Assistant District Attorney correctly charged the Grand Jury with respect to the applicable law and the proceedings otherwise conformed to the dictates of CPL article 190. Accordingly, the defendant’s motion to dismiss the indictment, or counts thereof, on those grounds is denied.
Defendant next moves to dismiss the first two counts on the basis of the rule of lenity, to wit, that Judiciary Law § 478 is unconstitutionally vague in that it does not provide adequate guidance as to what conduct it prohibits.[1] While Judiciary Law § 478 is not a model of clarity, it clearly prohibits a nonlicensed individual from practicing law in this State as follows: to appear as an attorney in a court of record in this State, to render legal services, or to hold himself out as being entitled to practice law as aforesaid or in any other manner. Moreover, the prohibited practice of law includes the rendering of legal advice and preparation of legal papers in New York even if performed out of court and with respect to foreign law. (El Gemayel v Seaman, 72 NY2d 701 [1988]; Matter of New York County Lawyers Assn. [Roel], 3 NY2d 224 [1957], appeal dismissed 355 US 604.) While there are grey areas in the law— such as attending a conference in New York and negotiating there on behalf of a client (see, El Gemayel v Seaman, 72 NY2d 701, 707, supra) — which might render the prosecution of a defendant who inadvertently overstepped such bounds inappropriate on constitutional grounds, this is not süch a case. Since at least 1957, the preparation in New York of legal documents for filing out of State and the holding out of oneself as an attorney have been prohibited. (Matter of New York County Lawyers Assn. [Roel], 3 NY2d 224, appeal dismissed 355 US 604, supra.) Defendant cannot therefore claim surprise.
Defendant next argues that the first two counts are duplicitous in that each charges more than one crime. Both counts charge the defendant with violating the Judiciary Law between *562 September 1997 and February 1998 by holding himself out as an attorney and by engaging in the practice of law in the Bronx without being duly admitted to practice in this State. While multiple overt acts done in furtherance of a single continuing crime — such as continuously holding oneself out as an attorney to one person — may be alleged in one count of an indictment without violating CPL 200.30 (People v Aksoy, 84 NY2d 912), independent crimes must be set forth in separate counts. (People v Beauchamp, 74 NY2d 639.) Clearly, one can hold oneself out as an attorney without ever actually practicing law. Thus, while holding oneself out as an attorney and practicing law both violate Judiciary Law § 478 when performed by one not licensed to practice, they are separate crimes and must therefore be set forth in separate counts of an indictment. This is necessary to preserve the integrity of the unanimous verdict. (People v Keindl, 68 NY2d 410.) Counts one and two are therefore dismissed with leave to resubmit them to another Grand Jury.
Defendant next argues that there is neither jurisdiction nor venue in this county for the prosecution of any of the counts with the possible exception of the fifth count, grand larceny in the third degree. Inasmuch as the court has dismissed counts one and two with leave to resubmit, I will not address this issue with respect to such counts at this time. As to the balance of the indictment, the People have established jurisdiction and venue in this county. As indicated above, the evidence was that the defendant came to the complainant’s apartment in the Bronx; misrepresented that he was authorized to practice law for the purpose of obtaining a $4,000 retainer, $1,000 of which was then paid; and thereafter signed the complainant’s name to a mechanic’s lien and related documents without showing them to the complainant and without his authority. While there was no evidence that the documents were issued or forged or possessed by the defendant in the Bronx (cf., CPL 20.40 [4] [j]),[2] the original misrepresentation, which evidences the defendant’s intent to defraud or deceive (see, Penal Law § 170.25), took place in the Bronx. The forgery then helped per *563 petuate this misrepresentation. Venue is therefore proper in this county. (CPL 20.40 [1] [a].)
The defendant’s motion for a Sandoval hearing is granted.
The People are reminded of their continuing duty to disclose exculpatory material and specifically of their obligations under Brady v Maryland (373 US 83), Giglio v United States (405 US 150) and CPL 240.43.
The motion is otherwise denied.

. Judiciary Law § 486 does no more than prohibit a disbarred or suspended attorney from performing those acts prohibited by Judiciary Law § 478.

. The evidence was that the defendant operated out of two offices: one in midtown Manhattan and the other in Long Beach in Nassau County. The defendant’s letterhead listed his law office address as 463 Walnut Street, Long Beach, New York, and that was the same address listed in the “Record and Return” box on the mechanic’s lien and related documents. On the other hand, when defendant- returned the file to the complainant, they met outside defendant’s midtown Manhattan office.