## UNAUTHORIZED PRACTICE OF LAW IN LUCAS COUNTY, In re.

Common Pleas Court, Lucas County.

No. 177813-A.

344

## OPINION

By STAHL, J. of Ottawa County, sitting by designation in Lucas County.

This proceeding is brought by and on behalf of the Committee on the Unauthorized Practice of the Law of the Toledo Bar Association.

The Committee, which was appointed by the Court, filed an Application for an Order of the Court restraining and enjoining Nelson S. Bailey, his agents and employees, from engaging in the Practice of Law, and for a further order to show cause why he should not be punished for contempt.

This proceeding was heard on the Application for the Restraining Order and Citation for Contempt of Court, the Answer of the Respondent, Nelson S. Bailey, and the Reply of the Committee.

The Application states that Nelson S. Bailey is the owner and operator of a business known as "Nelson S. Bailey, Industrial Actuaries," and through employees and/or agents, contracts to and does render certain services for others for a fee. That Nelson S. Bailey is not an attorney. That Nelson S. Bailey, notwithstanding the fact that he is not an attorney-at-law and not admitted to the practice of law in the State of Ohio, individually and by employees and agents, and by attorneys hired by him for that purpose, on divers occasions and for several years last past, has engaged in the practice of law, and will continue to engage in the practice of law, in the following particulars, to-wit:

(a) In holding himself out as being legally qualified and competent to render counsel and advice, and in rendering counsel and advice, to individuals, firms and corporations, concerning the legal effect of provisions of laws proposed to be passed and which have been passed by the legislature of the State of Ohio, and rules and regulations adopted and promulgated by the Administrator and Board of Review under the provisions of the "Unemployment Compensation Law."

(b) In preparing, filing, prosecuting and taking part in appeals, including the examination and cross-examination of witnesses during the preparation of the record used in the Court of this County, for and on behalf of certain individuals, firms and corporations who appeal from decisions made by the "Administrator" under the provisions of the Unemployment Compensation Law of the State of Ohio.

(c) In advising said individuals, firms and corporations as to their legal rights and obligations arising out of the statutes of Ohio and such rules and regulations pertaining to unemployment compensation.

(d) In furnishing, suggesting, or acting as an intermediary in the employment of, legal counsel to prosecute appeals from decisions of Referees and/or the Board of Review of the Bureau of Unemployment Compensation of the State of Ohio to the Court of Common Pleas of this County.

(e) In filing, or causing to be filed, as agent for individuals, firms and/or corporations, petitions on appeal from decisions of the aforementioned Referees and/or Board of Review of the Bureau of Unemployment Compensation to the Court of Common Pleas of Lucas County, Ohio.

(f) In counseling, advising and otherwise performing services for others, including individuals, firms and corporations, in connection with

the rights of said others under the provisions of the statutes and laws of Ohio, including rules and regulations adopted by the "Administrator" and the "Board of Review" relating to unemployment compensation.

The respondent admits in his answer that the Committee Members are Attorneys-at-Law and that they are members of the committee appointed by the Court. That Nelson S. Bailey is engaged in the business of an industrial actuary under his own name and that he does furnish personal services in connection with industrial actuarial matters for which he charges fees, and that he admits that he is not an attorney-at-law.

Further answering the respondent admits that he files completed forms with the Bureau of Unemployment Compensation and the Board of Review thereof, and appears before these administrative bodies, but denies that such actions constitute the practice of law, and denies that he does now or at any time has engaged in the practice of law, and then specifically denies that he has engaged in the practice of law in connection with any phase of Unemployment Compensation matters under the Unemployment Compensation Law of the State of Ohio. And then, he specifically denies all claims and allegations not admitted to be true.

Further answering he alleges that all the actions he may have taken have been fully authorized by the parties, where he represents them, and by the Bureau of Unemployment Compensation and by the Board of Review thereof, and that in so granting him the authority the Board has done so under their regulations, which permit any party to appear before either of those bodies by "authorized representatives" who are not required to be attorneys-at-law.

Further answering, he says that such practice has been permitted since the Adoption of the Act, and that although attorneys have heretofore attempted to have the practice stopped, the Bureau, and Board of Review, have refused to stop such practice.

In the Reply of the Committee, they deny that such actions were ever authorized.

The evidence was taken at different times before this Court and these were protracted hearings, and each party was well represented by able counsel.

The issue to be determined, therefore, is whether or not all or any of the actions of Nelson S. Bailey constitute the unauthorized practice of law, since Nelson S. Bailey admittedly is not an Attorney-at-Law.

## FINDINGS OF FACT

After consideration of all of the evidence in this case, the Court herewith makes the following findings of fact:

That under the provisions of Exhibit 114-A, and similar agreements with other persons, firms and corporations, Nelson S. Bailey agreed to perform and did perform the following services for such persons, firms and corporations:

1. He notified his client when a claim for compensation was filed.

2. He filed protests against the alowance of claims for compensation on behalf of his client.

3. He attended hearings before the Referees and examined and cross-examined the claimants and the witnesses.

4. He advised his clients of the nature of the evidence introduced at such hearings.

5. He made an analysis of the evidence introduced at such hearings for his clients.

6. He rendered opinions to his clients as to whether the claim will be approved or rejected upon the evidence, the law, and the rules and regulations of the Bureau.

7. He interpreted the law and the Rules and Regulations of the Bureau for his Clients.

8. He prepared and filed appeals and notices of appeals on behalf of his clients.

9. He participated in all proceedings before the Board from the time a claim is filed until the claim is ultimately appealed to the Common Pleas Court for decision, his actions during such proceedings, including examination of the original claim when it is filed, the preparation and filing of a protest, appearance at the hearing and participation in the hearing by the examination and cross-examination of the claimant and witnesses, rendered an opinion as to whether adverse rulings should be appealed and then prepared the necessary notices of appeal.

10. It is the further finding of the Court that the Bureau has not promulgated any Rule or Regulation which requires that either the employee or the employer must be represented by an attorney-at-law in proceedings before the Bureau.

11. That the proceedings before a Referee or the Board are very informal in nature and that it is not required that there be a strict adherence to the Rules of Evidence in the same manner as if the case were being tried in a Court of Law.

12. That the Referees and the Board, in rendering their decisions. however, attempt to base their decisions only on competent evidence.

13. The Court further finds that §4141.28 R. C., contains the following pertinent provisions:

"Any interested party may - - - appeal from the decision of the Board - - - or of a Referee if an appeal has been disallowed by the Board, to the Court of Common Pleas - - -

"The Board - - - shall - - - file with the Clerk a certified transcript of the record of the proceedings pertaining to the decision complained of, and the evidence considered by the Board, or the Referee, or both, in making such decisions, and the appeal shall be heard upon such transscript and the evidence certified by the Board."

14. That the Court of Common Pleas is confined to the transcript of the record of the proceedings and the evidence before the Board or Referee, or both, when reaching its decision on appeal, as to whether to affirm, reverse, vacate or modify the decision of the Referee or Board

15. The Court further finds that the allegation that Nelson S. Bailey secured or hired attorneys for his clients is not sustained by the evidence in this case.

16. That the Court cannot decide whether the action of Nelson S. Bailey in securing adjustment of rates for his clients constitutes the

practice of law, because the issue was not sufficiently developed in the evidence to warrant the Court in making a decision on that issue.

## CONCLUSIONS OF LAW

The Court has carefully reviewed the evidence and the briefs of counsel and has made its own examination of the law.

It is the finding and judgment of the Court that it is not within the power of a Bureau or of the Legislature to say and define what actions and conduct constitute the practice of law in Ohio.

That it is solely within the power of the Courts to say what actions and conduct constitute the practice of law in Ohio.

It is the finding and judgment of the Court that all of the actions and conduct of Nelson S. Bailey as set forth in the foregoing Findings of Fact, except the notification of his clients when a claim for compensation was filed and the filing of the original protest on behalf of his client against the allowance of such claim, constituted the practice of law and he is hereby enjoined from all such actions and conduct except the notification of the filing of a claim and the filing of the original protest.

Counsel for Committee to prepare Journal Entry, submit it to counsel for defendant. Exceptions saved to both parties.