**BATTELLE MEMORIAL INSTITUTE, Plaintiff, v. GREEN et, Defendants.**

Common Pleas Court, Franklin County.

No. 197718.   Decided September 12, 1960.

354

Albert R. Teare, Cleveland, Phillip K. Folk, Columbus, for defendants.
Wright, Harlor, Morris, Arnold & Glander, Francis J. Wright, Columbus, for plaintiff, Battelle Memorial Institute.

## OPINION

By MARSHALL, J.

By court order in case No. 196,819, filed January 6, 1960, that case and the instant case were by agreement of the parties, consolidated for trial. Both cases were tried together, beginning February 24, 1960.

On July 20, 1960, this court rendered its decision in case No. 196,819.

The instant case was filed April 13, 1957, by Battelle Memorial Institute against numerous defendants who are alleged to have been members of the Unauthorized Practice of Law Committee of the Ohio State Bar Association, and who are sued in such representative capacity. The petition prays for a declaratory judgment and seeks a finding by the court that certain activities of plaintiff's patent section do not constitute the unauthorized practice of law. Plaintiff alleges that defendants have charged that plaintiff is engaged in certain activities which constitute the unauthorized practice of law, which plaintiff denies; that defendants have directed plaintiff to discontinue such activities or action would be taken to prohibit plaintiff from continuing such activities; and that, if the court declares the rights and status of the parties, such action will terminate the controversy as to whether plaintiff is engaged in the unauthorized practice of law.

Defendants filed their answer herein on November 16, 1957, listing eight separate defenses, the first seven of which will be commented on, in order.

1. **That this court does not have jurisdiction of the subject of this action.**

This subject was one of two grounds upon which defendants demurred to the petition on June 8, 1957. In his decision, dated July 18, 1957, Judge Leach specifically found "that this court does have jurisdiction of the subject of this action." We concur in the well-reasoned opinion of Judge Leach and hold that defendants' first defense is not valid.

2. **That there is a misjoinder of parties defendant.**

The second ground upon which defendants relied in demurring to the petition was "that it appears upon the face of the petition that there is a defect of parties defendant therein." In overruling defendant's demurrer, Judge Leach, in his opinion dated July 18, 1957, held that "there is not a defect of parties defendant." His ruling was based on the allegations of the petition that the defendants notified plaintiff that certain of its activities constituted the unauthorized practice of law and that they directed plaintiff to discontinue the same, or action would be initiated against plaintiff.

The petition lists some 31 defendants, describing them as members of the Unauthorized Practice of Law Committee of the Ohio State Bar Association. Five of the defendants are Columbus attorneys, and the remainder are attorneys from other Ohio cities.

At the hearing, Mr. Phillip K. Folk, from Columbus, was present for the Ohio State Bar Association. Mr. Merritt Green, from Toledo, was present as Chairman of the state Unauthorized Practice of Law Committee of the Ohio State Bar Association. Mr. R. Rush Warren and Mr. Robert Albright, both from Columbus, were also present as counsel for defendants. All but Mr. Warren were named as defendants in the original petition filed herein.

Plaintiff offered as Exhibits 2 through 6 certain correspondence which the court admitted.

Exhibit 2 is a letter dated January 10, 1957, from Merritt W. Green to the attorney for plaintiff, stating defendants' position concerning the alleged unauthorized practice of law by plaintiff.

Exhibit 3 is a copy of a letter, dated January 10, 1957, from Merritt W. Green to Phillip K. Folk, commenting upon the fact that the committee was convinced that plaintiff was engaging in the unauthorized practice of law.

Exhibit 4 is a letter, dated March 18, 1957, from Merritt W. Green to the attorney for plaintiff, stating the position of the committee that it was convinced that plaintiff was engaged in the unauthorized practice of law, and suggesting the possibility of a suit to stop such practice.

Exhibit 5 is a letter, dated March 26, 1957, from Merritt W. Green to the attorney for plaintiff, again suggesting the possibility of court action by the committee.

Exhibit 6 is a signed copy of a letter, dated April 3. 1957, from Merritt W. Green to Phillip K. Folk, suggesting immediate preparation of pleadings to be filed against plaintiff, in an attempt to prevent its further unauthorized practice of law  A copy of such letter was mailed to counsel for plaintiff.

We must agree with the ruling of Judge Leach in overruling defendants' demurrer on the ground of alleged defect of parties defendant. It was certainly not necessary to name all attorneys in Ohio, by class or otherwise, in bringing the instant case.

We find no misjoinder of parties defendant in this case. However, we do not rule that in every case for declaratory judgment against a large committee of the Ohio State Bar Association it is necessary to name as defendants, and subsequently to serve, all its members.

We hold that defendants' second defense is not valid.

3. **That defendants deny that they are members of the Unauthorized Practice of Law Committee of the Ohio State Bar Association.**

During the hearing of this case this defense was not pressed. Counsel for defendants, including several defendants named in this action, made statements and took positions compatible with the allegation of the petition that defendants were the acting members of the Unauthorized Practice of Law Committee of the Ohio State Bar Association. The third defense is not valid.

4. **That defendants deny that they "directed" plaintiff to discontinue the activities and services complained of.**

The evidence is clear that spokesmen for defendants quite effectively **"directed"** plaintiff to discontinue activities which defendants claimed constituted the unauthorized practice of law, under a not too disguised threat of a law suit to compel discontinuance. This fourth defense of defendants is not valid.

5. **That defendants deny that a justiciable controversy exists between the plaintiff and these defendants.**

Judge Leach, in ruling on the question of defendants' demurrer to the petition, found it necessary to consider the matter of "justiciable controversy" in connection with defendants' claim that this court did not have jurisdicion of the subject of the action. In his decision of July 18, 1957, Judge Leach found that plaintiff was not seeking merely an advisory opinion from this court, as to what constituted the unauthorized practice of the law, but was asking for a declaratory judgment which would settle the "justiciable controversy" which existed between the parties. We quote several parts of that decision:

"It is clear that under the Declaratory Judgment Act there must be a 'justiciable controversy,' a 'legal relationship,' or a 'right-duty relationship' between the parties in order to permit the rendition of a declaratory judgment.

"* * *

"We conclude from these cases that the defendants, having the authority to protect against the alleged invasion of their own rights as members of the Bar of Ohio, have a sufficient 'adverse' interest in the question presented to bring such matter within the scope of a 'justiciable controversy' as contrasted to a mere advisory opinion, if the other requirements of a declaratory judgment are found to exist. One of such requirements is that the issue be 'ripe' for decision.

"* * *

"* * * the defendants have gone beyond the stage of merely advising the plaintiff that a serious question existed, but instead have taken a definite position that the activities of the plaintiff do actually constitute the unauthorized practice of law and have **directed** the plaintiff to discontinue the same. In our opinion this presents a 'controversy' between parties who have a direct and legally protectable interest therein and one which is 'ripe' for decision."

The evidence in this case supports the allegations of the petition as to the "controversy" between the parties. We concur in the findings

and decision of Judge Leach, that a "justiciable controversy" exists between the plaintiff and these defendants; and, therefore, the fifth defense is not valid.

6. **That defendants deny that the entering by this court of a judgment declaring the rights and status of the parties hereto will terminate any controversy which may have given rise to this proceeding.**

In view of our comments concerning defendants' fifth defense, we deem it unnecessary to dwell at length upon the matters suggested in the sixth defense. We believe any declaratory judgment on the "judiciable controversies" existing between the parties would terminate such controversy. The sixth defense is not valid.

7. **That the services performed by plaintiff for others constitute the unauthorized practice of law.**

This defense raises the principal question in this case.

In case No. 196,819 this court rendered its decision on July 20, 1960 (see **84 Abs 161**), in which it found that Battelle Memorial Institute was performing certain legal services for Sponsors, which constituted an unauthorized practice of the law, and enjoined it, through its employees, from further so engaging in such unauthorized practice. To avoid duplication and repetition we incorporate by reference that decision and make it a part of this decision.

That decision did not comment upon, or distinguish between, legal services of employees of Battelle rendered generally, and services of members of the patent section before the Patent Office, as described in paragraphs 12, 13 and 14 of plaintiff's petition. We shall consider the latter type of service.

Plaintiff points out the supremacy of the federal government over the state of Ohio, under Article VI of the U. S. Constitution, in regard to practice in the U. S. Patent Office.

At the outset, we readily admit that the power to determine what persons may practice in the U. S. Patent Office is exclusively a power vested in congress. (Section VIII, Article I, and Article VI, U. S. Constitution.) Such power is exercised by the Commissioner of Patents.

The federal government has exclusive power and control over the issuance of patents. The U. S. Patent Office has been held to be an administrative agency. Non-lawyers are admitted to practice before the U. S. Patent Office, so long as they qualify to practice before it.

We do not presume to comment upon the services which employees of plaintiff perform outside the state of Ohio, and specifically in the U. S. Patent Office in Washington, D. C. We shall, therefore, limit our discussion to alleged legal services performed by employees of plaintiff in Ohio.

At the trial of this case no effort was made to differentiate between the services rendered by members of the patent section of plaintiff, who were attorneys duly admitted to practice law in Ohio, and the services rendered by those attorneys who were not so admitted. Likewise, there was no effort made to point out which services were performed by nonlawyers employed by plaintiff in its patent section and which services were performed by attorneys duly admitted to practice law in Ohio. We will, therefore, presume that the services complained

of were services performed by attorneys in the employ of plaintiff, who were duly admitted to practice law in Ohio, and will limit our comments with reference thereto.

In our decision of July 20, 1960, in case No. 196,819 (84 Abs 161), in this court, we described generally the kind of work done by the legal department of plaintiff, most of which could be classified as office work. We mentioned that the attorneys prepared opinions and legal instruments, composed letters in connection therewith, made reports, prepared briefs and prepared documents to be filed in the U. S. Patent Office in connection with applications for patents and inventions. While we did not attempt to further detail the specific work of such attorneys we did refer to the application of the committee filed in case No. 196,819, and appended to the decision therein a copy thereof, which described in considerable detail the services which the committee alleged were being performed by plaintiff's attorneys. **We do not make a finding that each and every service therein described was actually so performed,** but there was very little evidence produced at the hearing to refute the contention that plaintiff, through its attorneys, was performing services of the type therein described, and that in the main such services were actually performed in Ohio.

In our decision of July 20, 1960, we held that attorneys for plaintiff were performing legal work when they drafted contracts, applications, affidavits and assignments, when they rendered opinions as to patentability, infringement and interference. and when they gave advice as to the rights and duties of persons and corporations. (See **Land Title Abstract & Trust Co. v. Dworken, 129 Oh St 23.**) The fact that many of these services were directly related to the obtaining of patents and inventions does not change the character of such services from legal services to nonlegal services. (See **Marshall v. New Inventor's Club, Inc., 69 Oh Ap 578.**)

The power to license persons to practice law is one of the police powers of each state. (Bradwell v. Illinois, 83 U. S., 130; **In re Summers,** 325 U. S., 561.)

The power to admit a person to the practice of law is a judicial power, and is not a legislative power. (In Ex Parte Garland, 71 U. S., 333.) This statement is true even though the Legislature of Ohio has passed such statutes as §4705.01 R. C., which limits the practice of law to attorneys who are admitted to the Bar by order of the Supreme Court. (See **Judd v. City Trust & Savings Bank, 133 Oh St 81;** Steer v. Land Title Guarantee & Trust Company, 133 N. E. (2d), 763; **Dworken v. Guarantee Title & Trust Company, 12 Abs 399; In re Bailey, 73 Abs 343.**)

The power to regulate, control and define the practice of law rests inherently in the judicial branch of the government. (**Judd v. City Trust & Savings Bank, 133 Oh St 81; Dworken v. Guarantee Title & Trust Co., 12 Abs 399,** affirmed in 129 Oh St 23.)

No agency of the federal government can dictate, define or limit the practice of law in Ohio. This statement is not incompatible with the position of Battelle that the power to control and regulate patents stems from the Constitution of the United States and is defined by acts of Congress, which empower the Commissioner of Patents to adopt

regulations and rules regarding practice before the Patent Office. (See Section 8, Article I, and Article VI of the Constitution of the United States.)

Battelle insists that, when its employees who work in its patent section perform duties leading to the obtaining of a patent or an invention, those duties fall within the definition of practice before the Patent Office which is an administrative agency, and which takes them out of the category of practice of the law. We do not agree that the definition of the practice of law is controlled by the agency under which the work is performed. It is incorrect to say that all work performed in connection with the obtaining of a patent or invention is necessarily nonlegal, or is necessarily not the practice of law, simply because it is done under rules and requirements of an administrative agency such as the Patent Office.

The work done before an administrative agency may or may not constitute the practice of law. If it does constitute the practice of law, and is done in Ohio, it must be done by attorneys who are duly licensed to practice law in Ohio. This requirement is in addition to any other proper qualifications or conditions which may be required of or imposed upon those who seek to practice before the Patent Office.

In conclusion, we hold that plaintiff is entitled to have this court enter a declaratory judgment as to whether certain activities of plaintiff's patent section do or do not constitute the unauthorized practice of law.

In case No. 196,819, by agreement tried with the instant case, we ruled that Battelle Memorial Institute, acting through its employees assigned to its patent section, did perform certain legal services for Sponsors, which constituted the unauthorized practice of the law. The findings made in case No. 196,819 have been incorporated by reference as findings in the instant case.

In case No. 196,819 we enjoined plaintiff from further engaging in the acts which we found to constitute the unauthorized practice of the law.

In so ruling, we recognize the fact that the practice in the U. S. Patent Office is controlled by the federal government, that the federal Constitution deals with the subject of patents, that Congress has enacted legislation with reference thereto, and that the U. S. Patent Office was established with broad rule-making powers to handle patent matters.

We do not in any way interfere with the work of the Patent Office, nor with those who practice before it, by our ruling in this case. We deal exclusively with the subject of the practice of the law in Ohio, and restrict such practice to those who have qualified to practice law in this state.

We maintain that the state of Ohio has the right to say what constitutes the practice of the law in Ohio, to prescribe the qualifications of those who may be allowed to practice law in Ohio, and to issue licenses to practice law in Ohio to those it finds are so qualified.

We do not recognize any authority outside this state to dictate to this state what constitutes the practice of law in Ohio, nor to say who

may be entitled to receive a license from this state to practice law in this state.

A declaratory judgment may be entered accordingly.

Judgment accordingly.