516

BATTELLE MEMORIAL INSTITUTE, PLAINTIFF-APPELLANT, *v.*
GREEN ET, DEFENDANTS-APPELLEES.
BATTELLE MEMORIAL INSTITUTE, IN RE: UNAUTHORIZED PRACTICE
OF LAW, RESPONDENT-APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

Nos. 6704, 6705.   Decided February 13, 1962.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Francis J. Wright* and *Mr. Harry Wright, III,* of Counsel, for appellant.

*Mr. Phillip K. Folk, Mr. R. Rush Warren, Mr. Lyman H. Brownfield, Mr. Abraham Gertner* and *Mr. Albert R. Teare,* for appellees.

(McLAUGHLIN, P. J., and RUTHERFORD, J., of the Fifth Appellate District, and HILDEBRANT, J., of the First Appellate District, sitting by designation in Tenth District.)

RUTHERFORD, J. Two separate appeals having been combined for hearing, we will consider both in this opinion.

The first is an appeal on questions of law from a judgment in case No. 197,718 in the Common Pleas Court of Franklin County, Ohio (84 Ohio Law Abs., 353), and is here on appeal as case No. 6704. This case was brought by *Battelle Memorial Institute* v. *Merritt W. Green, and thirty other persons*, being the duly appointed, authorized and acting members of the Unauthorized Practice of Law Committee of the Ohio State Bar Association and as representatives of Ohio lawyers so numerous that it is impractical to bring them all before the court. In this action Battelle Memorial Institute sought a declaratory judgment declaring that services performed by Battelle through members of its patent section do not constitute the unauthorized practice of law.

The second appeal is also on questions of law, being from a judgment in case No. 196819 in the Common Pleas Court of Franklin County, Ohio (84 Ohio Law Abs., 161), and is here on appeal as case No. 6705. This case, which is captioned "In the Matter of the Unauthorized Practice of Law in Franklin County, Ohio; In re: Battelle Memorial Institute," was commenced upon application to the Court of Common Pleas of Franklin County, by a committee appointed by said court with instructions to make an inquiry and investigation as to whether persons, firms or corporations are engaged in the unauthorized practice of law in Franklin County.

The charge, as contained in the application, is that Battelle Memorial Institute, although not qualified to practice law and not admitted to the practice of law in Ohio, is, nevertheless, engaged in the practice of law in Ohio; wherefore, it was prayed that the court issue an order restraining and enjoining said Battelle Memorial Institute from engaging in the practice of law.

In each case the opinion, as rendered by the Common Pleas Court, has been published. One opinion appears in 84 Ohio Law Abs., 161, and the other in 84 Ohio Law Abs., 353. Pertinent facts, as set forth by the Common Pleas Court, and as

disclosed by the evidence, concerning the organization of Battelle are:

Battelle is a nonprofit corporation, organized to conduct scientific research for itself, for the United States Government, and for clients engaged in private industry, called "Sponsors." The complaint of unauthorized practice of law is limited to acts performed in connection with such "Sponsors," and solely to acts relating to patents.

Battelle has a staff of some 2,300 employees, about 1,200 of whom are scientists. It has some fifty divisions divided into seven departments. Its total business in 1959 was about $23,-000,000.

The legal department of Battelle consists of seven members. Five members of this department are licensed to practice law in Ohio, and one is a lawyer admitted to practice in Colorado.

The legal department contains a patent section which specializes in the field of inventions and patents. Four men devote all their time to patent matters, and two devote about half of their time. Four members of the legal department (all attorneys) are registered in the U. S. Patent Office under the firm name of Gray, Mase and Dunson.

Because of the possibility that research of any kind might, and often does, include the possibility of a new invention and the obtaining of a new patent, every employee of Battelle, before being hired, is required to sign an agreement which obligates the employee to assign any and all inventions made by such employee to Battelle.

Every agreement with an industrial sponsor refers to Battelle's agreement with its employees, which requires them to assign their inventions to Battelle, and includes (in the agreement with such sponsor) a provision that if an invention is made during the course of the research on sponsor's project Battelle will notify the sponsor of this fact and permit the sponsor, at its election, to have such application and all rights to the invention assigned by Battelle to such sponsor. If the sponsor does not elect to exercise its option, Battelle remains the owner of the invention (after assignment by the inventor) and would normally complete the patent. The patent section

files and processes the application for a patent until such time as a sponsor elects to take an assignment thereof. In such event, the sponsor has the option of permitting Battelle to continue until the patent is obtained and actually assigned to the sponsor or of further processing the application with counsel of its own choosing.

The members of the legal department of Battelle are paid salaries by Battelle. By agreement with each sponsor, the expense of each project is paid by the sponsor. The time spent by each staff member of Battelle on each project, including scientists and members of the patent section, is kept and charged to the sponsor at a rate based upon the salary being paid to the persons performing the services.

The only tribunal in which members of the patent section work is the U. S. Patent Office. They appear in no courts of law, nor do they participate in any court proceedings.

The Common Pleas Court, in the declaratory judgment action, first found that a justiciable controversy did exist and then rendered judgment declaring as follows:

"(1) When salaried members of the legal department or patent section of Battelle, who are employed to perform recognized legal services for Battelle in connection with applications for, or work in connection with, the obtaining of patents or inventions, cease to perform such legal services exclusively for Battelle and perform them for industrial sponsors of Battelle, this constitutes an unauthorized practice of the law.

(2) When salaried members of the Legal Department or Patent Section of Battelle perform legal services in connection with an application for, or work in connection with, the obtaining of a patent or invention after an industrial sponsor of Battelle has requested an assignment of any such patent or invention under the terms of the sponsor-Battelle contract, whether by execution of a formal written election or by any other form of expressing its intent to acquire such patent or invention, they are no longer performing such legal services exclusively for Battelle but are in fact performing such legal services for such industrial sponsor, which constitutes an unauthorized practice of the law.

(3) From the evidence adduced at the hearing of this cause,

the Court finds that certain of the salaried members of the Legal Department or Patent Section of Battelle have performed legal services in connection with applications for, or work in connection with, the obtaining of patents or inventions after an industrial sponsor of Battelle has expressed its intent to seek an assignment of such patents and inventions under the terms of the sponsor-Battelle Contract, and that such legal services are for the industrial sponsors and constitute the unauthorized practice of law.

(4) The power to determine what persons may practice in the U. S. Patent Office is exclusively a power vested in Congress.

(5) A person is performing legal work when he performs such services as the drafting of contracts, applications for letters patent, amendments to applications for letters patent, affidavits and assignments, when he renders opinions as to the patentability, validity, infringement and interference in relation to inventions and patents, when he negotiates and drafts license agreements, and when he gives advice as to the rights and duties of persons and corporations and the fact that such services may be related to patents and inventions does not change the character of such services from legal services to non-legal services.

(6) The power to license persons to practice law is one of the police powers of each state.

(7) The power to admit a person to the practice of law is a judicial power and not a legislative power.

(8) The power to regulate, control and define the practice of law rests inherently in the judicial branch of the government.

(9) No agency of the federal government can dictate, define or limit the practice of law in Ohio.

(10) It is incorrect to say that all work performed in connection with the obtaining of a patent or invention is necessarily non-legal, or is necessarily not the practice of law, simply because it is done under the rules and requirements of an administrative agency such as the Patent Office.

(11) The work done before an administrative agency may or may not constitute the practice of law, but if it does constitute the practice of law, and is done in Ohio, it must be done by persons who are duly licensed to practice law in Ohio.

(12) The State of Ohio has the right to say what consti-

tutes the practice of law in Ohio, to prescribe the qualifications of those who may be allowed to practice law in Ohio, and to issue licenses to practice law in Ohio to those it finds are so qualified.

(13) The fact that under the rules of the Patent Office non-lawyers may be admitted to practice before such office does not in any way affect the determination by an Ohio court as to whether the performance of certain acts in the patenting of inventions constitutes the practice of law.''

In the unauthorized practice of law action the Common Pleas Court made similar holdings to those declared in the declaratory judgment action and then rendered judgment permanently enjoining Battelle Memorial Institute, acting through its officers, agents, and/or employees from further engaging in the unauthorized practice of law as hereinbefore set forth, for industrial sponsors of Battelle.

Battelle Memorial Institute has appealed from the judgments upon questions of law in each case.

Several errors were assigned, a principal one in each case being that the trial court erred in failing to hold that the federal government has exclusive power and control over admissions to practice in the U. S. Patent Office, so as to preclude any state from interfering therein.

Cross assignments of error were filed in case No. 6704 on the ground that the trial court erred in overruling defendants' motion for a judgment of dismissal in the declaratory judgment action, at the conclusion of the evidence by refusing to conclude that there was no controversy ripe for decision, that there did not exist a justiciable issue, that the controversy therein could not be terminated, and that the petition and the evidence did not establish a cause of action.

The Constitution of the United States provides:

Article I, Sec. 1. ''All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.''

Sec. 8. ''The Congress shall have the power to . . . . promote the Progress of Science and Useful Arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries. . . . .''

Article VI. ''This Constitution and the Laws of the

United States which shall be made in pursuance thereof, . . . . shall be the supreme Law of the Land; and the judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding."

Amendment X. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or the people."

Under the power specifically delegated to Congress by Article I, Sec. 8 of the United States Constitution, Congress enacted the provisions of Title 35 U. S. C. A. Sec. 31 and Sec. 32 in regard to Practice before the Patent Office.

Title 35, Sec. 31. "The Commissioner, subject to the approval of the Secretary of Commerce, may prescribe regulations governing the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Patent Office, and may require them before being recognized as representatives of applicants or other persons, to show that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office."

Title 35, Sec. 32. "The Commissioner may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 31 of this title, or who shall by word, circular, letter or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Commissioner upon the petition of the person so refused recognition or so suspended or excluded."

Title 35, Sec. 33. "Whoever, not being recognized to practice before the Patent Office, holds himself out or permits

himself to be held out as so recognized, or as being qualified to prepare or prosecute applications for patent, shall be fined not more than $1,000 for each offense."

Title 35, Sec. 152. "Patents may be granted to the assignee of the inventor of record in the Patent Office, upon the application made and the specification sworn to by the inventor, except as otherwise provided in this title."

Under authorization from Congress the Commissioner of Patents has enacted rules governing practice before the Patent Office.

Rule 31. "Applicants may be represented by an attorney or agent. An applicant for patent may file and prosecute his own case, or he may be represented by an attorney or agent authorized to practice before the Patent Office in patent cases . . . . ."

Rule 32. "Prosecution by assignee. The assignee of record of the entire interest in an application for patent is entitled to conduct the prosecution of the application to the exclusion of the inventor."

Rule 341 (c) "Requirements for registration. No person will be admitted to practice and registered unless he shall apply to the Commissioner of Patents in writing on a prescribed form supplied by the Commissioner and furnish all requested information and material; and shall establish to the satisfaction of the Commissioner that he is of good moral character and of good repute and possessed of the legal and scientific and technical qualifications necessary to enable him to render applicants for patents valuable service, and is otherwise competent to advise and assist them in the presentation and prosecution of their applications before the Patent Office. In order that the Commissioner may determine whether a person seeking to have his name placed upon either of the registers has the qualifications specified, satisfactory proof of good moral character and repute, and of sufficient basic training in scientific and technical matters must be submitted and an examination which is held from time to time must be taken and passed. The taking of an examination may be waived in the case of any person who has actively served for four years in the examining corps of the Patent Office."

Rule 348. "Suspension or disbarment proceedings. Ex-

cept as otherwise provided, proceedings for suspension, disbarment, or exclusion from practice are before a Commissioner.

"(a) Investigating and prosecuting officer. The duties of investigation, preparing charges, collecting and presenting testimony, and presenting a case for suspension, exclusion from practice or disbarment shall be performed by the Solicitor of the Patent Office or, at his direction, by a designated law examiner or other person, and neither the Solicitor nor such law examiner or other person shall participate in any manner in the decision of the case. If, upon investigation of a complaint or other information concerning an attorney or agent, it shall appear to the Solicitor that the grounds for suspension, exclusion from practice, or disbarment exist, he shall prepare and forward the necessary notice and statement."

The requirements for admission to practice before the United States Patent Office make it clear that skill in engineering and scientific matters and familiarity with patent procedures are as necessary as skill in legal matters, and persons who are not attorneys may qualify for admission as agents.

Normally, the practice of law is controlled exclusively by the judiciary. The reason why lawyers are officers of the court, and therefore subject to the control of the court, is that they are admitted by order of the court. However, persons admitted to the practice of law by the Ohio courts are not thereby qualified or authorized to practice in patent matters before the U. S. Patent Office. This power has been reserved by the United States Constitution to Congress, and in turn by Congress it has been granted only to the Commissioner of Patents. This leaves the Ohio courts in the position of being unable to exercise control over that which they do not have the power to authorize in the first instance.

The case of *The Land Title Abstract and Trust Co.* v. *Dworken*, 129 Ohio St., 23, and other cases dealing with practice of law, as distinguished from practice before the United States Patent Office, are not relevant, not being cases in which a superior right has been retained in the federal government by the United States Constitution.

Were the courts of each state to control practice before the United States Patent Office, thus usurping a right to control

that which they cannot authorize in the first instance, by considering it to constitute the practice of law within their state; then the courts of the 50 states, by ignoring the provisions of Article VI of the United States Constitution, supra, could render the provisions of Congress in regard to practice before the Patent Office as enacted under the provisions of Article I, Section 8, of the United States Constitution, supra, a nullity.

It is our finding that the Commissioner of Patents, from the standpoint of unauthorized practice, has the exclusive right to determine whether the patent matters, in which Battelle participates through attorneys or agents employed by Battelle, are matters which constitute the business of Battelle due to a direct or primary interest of Battelle therein, or of Battelle by virtue of rights as an assignee as provided for under Title 35, Section 152, or Rule 32, supra, and whether Battelle is engaged in unauthorized practice before the Patent Office.

For the reasons set forth, we conclude that control of practice before the U. S. Patent Office is a superior right vested exclusively by the United States Constitution and by acts of Congress in the Commissioner of Patents, subject to appeal to the federal courts, and the state courts by virtue of Article VI of the United States Constitution, are bound thereby and precluded from interfering.

There is, however, a distinction to be made between the right of the federal government to control practice in patent matters and the right of a state to control acts of a corporation, incorporated under laws of the state. The power to authorize persons to incorporate has not been delegated to the United States by the Constitution, nor prohibited by it to the states. Therefore, under the provisions of Amendment X of the United States Constitution, the right to provide for incorporation, and to determine what acts corporations shall be authorized to perform, is reserved to the states respectively. The state legislature, under authority as granted by their respective state constitutions, have the power to determine, by general laws, for what purposes corporations may be formed. The states could prohibit incorporation entirely within their respective limits should they see fit to do so.

Battelle Memorial Institute was incorporated in 1925, under

the provisions of Section 10092-1, General Code, as a charitable trust not for profit as provided for in the Will of Gordon Battelle, deceased. At the time of incorporation in 1925, Section 8623, General Code, was in effect and provided:

"Except for carrying on professional business, a corporation may be formed for any purpose for which natural persons lawfully may associate themselves."

A similar provision is contained today in Section 1701.03, Revised Code, which provides:

"A corporation may be formed for any purpose or purposes, other than for carrying on the practice of any profession, for which natural persons lawfully may associate themselves, . . ."

It thus appears that the Ohio legislature, which does have the right to enact general laws under which corporations may be formed (Ohio Constitution, Art. 8, Sec. 2), has, by statute, precluded persons from incorporating for the purpose of carrying on "professional business" or "the practice of any profession." We will not discuss Section 1785.02, Revised Code, since it has no application to the facts of the instant cases.

Section 1701.04, Revised Code, now repealed, referred to in Battelle Memorial Institute's petition, would not be applicable in the instant cases. Section 8623, General Code, and Section 1704.03, Revised Code, have application to all corporations, but Section 1704.04, Revised Code, when in effect, was applicable only to corporations for profit, and would not include Battelle Memorial Institute, a corporation not for profit.

After consideration of this entire matter, we come to the conclusion that there are two ways of questioning the practices of Battelle, the first being to question whether Battelle is engaged in unauthorized practice in patent matters, as to which the exclusive right of control is vested by the United States Constitution in Congress, and, in turn, by act of Congress in the United States Patent Office; and the second being to question whether the acts of Battelle are ultra vires acts which are prohibited under the Ohio statutes governing corporations, which statutes the Ohio legislature has power to enact and the Ohio courts have jurisdiction to enforce.

If the practices of Battelle, carried on through its agents or attorneys, in matters as to which the right of control has been reserved by the United States Constitution and Congress in the Commissioner of Patents, are to be questioned as being unauthorized practice in patent matters, the proceedings must be brought not before the Ohio courts but in the manner provided for by the acts of Congress passed under authority of Section 8, Article I, of the United States Constitution and Rules of the Patent Commissioner, authorized by acts of Congress, as hereinbefore set forth. This power in the federal government is exclusive and a superior right granted by the United States Constitution to Congress and, in turn, by Congress to the Commissioner of Patents, and the judges in every state are bound thereby.

If the acts of Battelle are to be questioned as being practices which are prohibited to Battelle as a corporation, by virtue of the Ohio statutes governing incorporation, then the action must be brought—

(a) In quo warranto as provided for under the provisions of Section 2733.01 et seq., Revised Code, which action can be commenced only in the Court of Appeals or the Supreme Court of Ohio in the manner as provided by said section.

(b) By a proceeding to enjoin Battelle, as a corporation, from ultra vires practices in an action commenced by persons authorized to practice as agents or attorneys before the United States Patent Office, who have a vested interest to protect.

In the case of *Abstract and Trust Co.* v. *Dworken*, 129 Ohio St., 23, the Supreme Court of Ohio, in paragraph seven of the syllabus, held:

"The right to practice law conferred by the state is a special privilege in the nature of a franchise and a possessor thereof may be protected by injunction from invasion of the right thus vested in him."

Practice before the United States Patent Office would not be an invasion of a right vested in an attorney by virtue of his franchise to practice law in Ohio, since such franchise to practice law in Ohio does not authorize practice before the United States Patent Office in patent matters; but from the logic of paragraph seven of the foregoing syllabus, it would follow that

the right to practice as an attorney or agent before the United States Patent Office, as granted by the Patent Commissioner, under act of Congress, may confer a special privilege in the nature of a franchise, the possessor of which may seek protection by injunction from the invasion of the right thus vested in him; such action to be brought in a federal court if the invasion to be enjoined is unauthorized practice before the patent office, or in the state court of the state of incorporation, if the act is to be enjoined not as unauthorized practice but as the commission of an ultra vires act by a corporation.

We point out the foregoing not to state what can or should be done or to here determine in advance the validity of such proceedings, since to do so would be obiter dicta; but to point out that neither of the instant cases can be considered as quo warranto proceedings because neither was brought in compliance with the Ohio statutes governing such proceedings; also, to point out that if an injunction is sought in Ohio courts it must not be on the ground of unauthorized practice of law, as such, but on the ground that the acts of the corporation are ultra vires and prohibited, and that an injunction proceeding cannot be commenced by attorneys franchised to practice only in Ohio; but must be commenced by agents or attorneys authorized to practice before the United States Patent Office, who are vested with a franchise right which is being invaded. In neither of the cases before us was there an allegation or evidence that all or any one of the members of the unauthorized practice of law committee against whom the declaratory judgment action was filed, or by whom the application in the unauthorized practice of law action was filed, are franchised to practice as either agents or attorneys in matters before the United States Patent Office.

If an action is brought in Ohio, either by quo warranto proceedings, or by agents or attorneys authorized to practice before the United States Patent Office seeking injunctive relief, the first question will be, whether as to the acts performed, Battelle has a direct or primary interest so as to authorize the performance of the acts by Battelle on its own behalf, as distinguished from acts performed for others. If it is determined that Battelle does not have a direct or primary interest

in the acts performed, then the ultimate question will be: Not whether Battelle is engaged in "unauthorized practice of law," but whether Battelle is engaged in "professional business" or the "practice of a profession" within the meaning of Section 8623, General Code, and Section 1701.03, Revised Code.

Neither of the cases herein appealed can meet the requirements of a proceeding in quo warranto, or of a proceeding for injunction commenced by a party having a vested interest alleged to be invaded. Neither case was so treated in the Common Pleas Court and, therefore, in neither case did the Common Pleas Court make any determination of the ultimate issue in such cases, to wit: Whether the practice complained of was an ultra vires act prohibited to the corporation, within the terms of the Ohio corporation statutes. The cases were filed and considered not under the Ohio statutes governing corporations, but solely from the standpoint of unauthorized practice of law in patent matters as to which the superior right is vested in the United States by the United States Constitution, by the provisions of which the courts of Ohio are bound.

It is our conclusion and finding that in case No. 197,718 in the Common Pleas Court of Franklin County, being case No. 6704 in this court, there was not a proper justiciable issue between proper and necessary parties. It will be ordered that the judgment of the Common Pleas Court be set aside and held for naught, and that the petition of Battelle Memorial Institute, appellant herein, be dismissed at costs of Battelle Memorial Institute.

In case No. 196,819, in the Common Pleas Court of Franklin County, being case No. 6705 in this court, the Common Pleas Court did not have jurisdiction by means of the issue raised and the judgment rendered to interfere with the superior right granted to Congress by the United States Constitution. The action was not a proper one brought by proper and necessary parties and the judgment of the Common Pleas Court is ordered set aside and held for naught, and the application is ordered dismissed at costs of the members of the unauthorized practice committee who filed it.

In case No. 6704, judgment of the Common Pleas Court is set aside and petition dismissed.

532

In case No. 6705, judgment of the Common Pleas Court is set aside and application dismissed.

McLAUGHLIN, P. J., concurs.
HILDEBRANT, J., dissents.