In re Cowgill. ▮

(No. 9-73-2—Decided May 11, 1973.)

**122**

*Mr. Robert M. Draper* and *Mr. Eldon H. Young*, for appellant, Francis Cowgill.

*Mr. Robert Albright* and *Mr. John R. Welch*, for appellees, Robert E. Albright and Ohio State Bar Association.

COLE, J. In 1959, the Ohio State Bar Association's unauthorized practice of law committee brought an action in the Court of Common Pleas of Marion County to enjoin one Francis Cowgill from doing certain acts constituting the practice of law. That cause terminated in the issuance by that court (in this numbered case) of the following judgment:

"This day this cause came on to be heard for consideration by the court upon the issuance of an order to respondent, Francis Cowgill, to show cause why he should not be restrained from the practice of law, and upon the consent of respondent to having judgment entered against him on the pleadings, statements of all counsel and the evidence.

"WHEREFORE, the court finds that Francis Cowgill does consent to a decree being entered against him restraining the said Francis Cowgill from practicing law in any of its phase, directly or indirectly.

"It is therefore ordered, adjudged and decreed that Francis Cowgill, dba Universal Invention Sales, be and he hereby is, permanently enjoined from performing and rendering either directly or indirectly, for a fee or gratuitously, any of the following services; which the Court finds to be the practice of law:

"In holding himself out as being legally qualified to render opinions, counsel and advice concerning the legal effect and requirements of law concerning the preparation, filing and prosecuting of patent applications for letters patent, amendments to applications for letters patent, drafting of contracts, affidavits, assignments and determining the patentability of inventions; counseling or advising customers on matters of law; preparing and drafting patent applications, amendments to patent applications, contracts for the sale of inventions, affidavits of assignment; or advising on the law of taxation, the legal requirements

necessary in protecting inventions from others; acting as an intermediary in selecting counsel for his customers; or otherwise engaging in the practice of law by rendering of legal services for others.

"Enforcement of this decree to be effective January 1, 1959:"

On March 29, 1971, a "complaint" was filed in the same action by Francis Cowgill, aka Maurice J. Francill, against the present members of the Ohio State Bar Association's unauthorized practice of law committee to set aside the judgment entry on the ground that that court had no jurisdiction to issue such a judgment and, hence, it was void. On April 26, 1971, the defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, after having withdrawn an answer previously filed. The court on February 15, 1972, issued an opinion granting the motion and on December 11, 1972, a journal entry was filed dismissing the complaint. A motion for rehearing was also denied on December 11, 1972. An appeal was thereafter taken from the order dismissing the complaint dated December 11, 1972.

The sole error assigned by the appellant is that the trial court erred in sustaining the motion to dismiss the complaint and in denying his application for rehearing.

Although in his brief appellant attempts to extend his complaint to cover other problems, the sole ground for the relief urged in his complaint is that the court which issued the original injunction was without jurisdiction over the subject matter of that action because the United States statutes have preempted the field of regulation of practice in the U. S. Patent Office. It is urged that both lawyers and nonlawyers may be admitted to practice before this office. However, at no place does it appear that the appellant is now or has ever been admitted to practice before that office under the appropriate regulations of the Commissioner of Patents and it is not alleged that the appellant is now or ever has been an attorney authorized to practice in Ohio.

Initially a procedural problem arises. There is no authority for the filing of a second complaint in an action under the rules of civil procedure. Under Civ. R. 60, it is

provided that relief after judgment is invoked by motion. Although a question as to jurisdiction may undoubtedly be raised in a second action by a complaint where the sole claim is that an existing judgment is void for want of jurisdiction, here the appellant has chosen to raise this issue in the same action. In our opinion, the so-called complaint must be treated as a motion for relief after judgment and the motion to dismiss the "complaint" as a reply to that motion. The judgment of the trial court then is simply a judgment denying relief after judgment.

There is no question that the state of Ohio has a very real interest in the regulation of the practice of law. In *Sperry* v. *Florida* (1963), 373 U. S. 379, Justice Warren, in dealing with a related problem, states at page 383:

"We do not question the determination that under Florida law the preparation and prosecution of patent applications for others constitutes the practice of law. * * * Nor do we doubt that Florida has a substantial interest in regulating the practice of law within the State and that, in the absence of federal legislation, it could validly prohibit nonlawyers from engaging in this circumscribed form of patent practice."

It would appear that the acts set forth in the judgment entry filed in 1959 constituted the practice of law. See, also, *Marshall* v. *New Inventor's Club* (Ohio C. P.), 117 N. E. 2d 737. It also appears that the state of Ohio, through its courts, has a valid and substantial interest in the regulation of the practice of law within the state, but Justice Warren includes the proviso "in the absence of federal legislation" —a proviso which, in effect, sets forth the sole issue here involved. Does the existence of federal legislation preempt this field to the federal government and exclude regulation by the state?

In the *Sperry* case, *supra*, we have the converse of the factual situation here. In that case, the practitioner was duly registered with the Commissioner of Patents and was licensed under federal law. The state of Florida sought to prevent him from exercising this license in that state because he was not licensed there to practice law. In the present case, the appellant is neither licensed by the federal

government to practice before the United States Patent Office, nor admitted to the practice of law within the state of Ohio.

In the *Sperry* case, the state was denied authority to act on the ground such action was incompatible with the federal authority. The court states, at page 385:

"The statute thus expressly permits the Commissioner to authorize practice before the Patent Office by nonlawyers, and the Commissioner has explicitly granted such authority. If the authorization is unqualified, then, by virtue of the Supremacy Clause, Florida may not deny to those failing to meet its own qualifications the right to perform the functions within the scope of the federal authority. A State may not enforce licensing requirements which, though valid in the absence of federal regulation, give 'the State's licensing board a virtual power of review over the federal determination' that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress. 'No State law can hinder or obstruct the free use of a license granted under an act of Congress.' "

It will be seen immediately that this argument has no application to a situation in which a federal license has, in fact, not been granted. State regulation (which, it is admitted, serves a substantial state interest) does not serve in any manner to review a license granted by the federal government since none has been granted. It does not seek to permit or authorize a person to act in the absence of such a license. It sets forth and applies no additional requirements or conditions not contemplated by Congress. In short, it imposes no burden or restraint upon the authority of the federal government, but simply regulates those who are furnishing legal services to others and have no license to do so by either the federal or state authority. It does not hinder or obstruct in any manner the use of a license granted under an act of Congress.

In the *Sperry* case, *supra,* the Supreme Court strictly limited the application of the doctrine of federal supremacy. The court states, at page 402:

"Moreover, since patent practitioners are authorized to practice only before the Patent Office, the State maintains control over the practice of law within its borders *except to the limited extent necessary for the accomplishment of federal objectives.*" (Emphasis added.)

Is any federal objective served by limiting state authority over one practicing law who does not have such a license? We think not. There is no federal purpose to protect those whom it does *not* license from further regulation by the state. The objective is to protect the right to practice before the U. S. Patent Office from restraint by the states.

We are cited to *Battelle Memorial Institute* v. *Green*, 93 Ohio Law Abs. 516, as authority for a contrary position. However, here again the court was considering a case (and a substantially different issue) where, in fact, the practitioners involved *were* admitted to practice before the Patent Office. This is not the problem here, where appellant is not so admitted to practice.

Some claim is made that the federal government has preempted the regulation of those *not* admitted to practice before the Patent Office by the passage of Section 33, Title 35 U. S. Code, which makes it a criminal offense for a person not so registered to hold himself out, or permits himself to be held out as so recognized, or as being qualified to prepare or prosecute applications for patent. However, the action of a state in forbidding the acts here enjoined neither prevents a federal prosecution under this section, nor impedes the federal government from acting against those, who, *besides* engaging in the practice of law, violates this statute. The action of the state is at the most parallel to the federal action and not in opposition to it.

The court below, in sustaining the motion to dismiss, in effect, denied the application for relief after judgment which was made on the ground that judgment was void for want of jurisdiction of the subject matter.

*Judgment affirmed.*

GUERNSEY, P. J., and MILLER, J., concur.