John M. LAWRENCE, Individually, and as next friend of Marjorie M. Lawrence, et al., Plaintiffs,

v.

Harold A. STEVENS, etc., et al., Defendants.

No. 73 Civil 5102.

United States District Court, S. D. New York.

Dec. 20, 1973.

John M. Lawrence, pro se.

Louis J. Lefkowitz, Atty. Gen., of N. Y., for defendants Stevens, Rabin, Dudley, Cone, Lefkowitz, Hogan, Gold, Braisted and Ross; David R. Spiegel, Asst. Atty. Gen., of counsel.

Norman Redlich, Corp. Counsel, New York City, for defendants Lindsay, Cawley, Loeb and Gelb; Gayle S. Redford, Asst. Corp. Counsel, New York City, of counsel.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

Plaintiff, John M. Lawrence, not licensed to practice law in this state, and three other plaintiffs, including his wife, who allegedly desire to retain Lawrence as a lawyer in pending or contemplated court proceedings, bring this action to obtain a declaratory judgment that sections 478 and 484 of New York State's Judiciary Law governing the licensing of attorneys are unconstitutional, and for a permanent injunction enjoining the defendants from enforcing these provisions. The alleged constitutional infringements include, among others, abridgment of freedom of speech and assembly, violation of due process of law, denial of equal protection of the laws and invasion of privacy.

Heretofore, this court denied a motion for a temporary restraining order pending the hearing of this motion for the convening of a three-judge court and for a preliminary injunction. The defendants, state and city officials, cross-move to dismiss the complaint for failure to state a claim upon which relief can be granted. The plaintiffs, in support of their application, have submitted voluminous affidavits, the contents of which have no bearing on the issues and contain much scandalous matter. Accordingly, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court on its own motion strikes as scandalous plaintiff Lawrence's 16-page affidavit affirmed December 11, 1973, and

his subsequent 34-page affidavit affirmed December 18, 1973. The court also disregards the affidavits offered by defendants in support of their motions to dismiss the complaint. Determination of the respective motions is based upon the relevant allegations of the complaint.

 The single narrow issue on the motion for a three-judge court is whether one or more of the constitutional claims are of substance and present a basis for equitable relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U. S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Ex Parte Poresky, 290 U.S. 30 54 S.Ct. 3, 78 L.Ed. 152 (1933). After careful consideration of the various contentions, the court concludes the questions presented by the complaint lack the necessary constitutional substance so as to vest this court with jurisdiction. A host of authorities establishes the legitimate and substantial interest of the state in regulating the practice of law in order to protect its citizens against the ill-trained, incompetent or otherwise unfit person representing their interests before the courts in matters pertaining to life, liberty, property or the pursuit of happiness. "It is undisputed that a State has a constitutionally permissible and substantial interest in determining whether an applicant possesses 'the character and general fitness requisite for an attorney and counselor-at-law.'" In re Griffiths, 413 U.S. 717, 723, 93 S. Ct. 2851, 37 L.Ed.2d 910 (1973). *See also* Law Students Research Council v. Wadmond, 401 U.S. 154, 159, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); Sperry v. Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Konigsberg v. State Bar, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); Dacey v. New York County Lawyers' Ass'n, 290 F.Supp. 835, 840-41 (S.D.N.Y.1968), aff'd, 423 F.2d 188 (2d Cir. 1969), cert. denied, 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970); In re New York County Lawyers Ass'n, 3 N.Y.2d 224, 165 N. Y.S.2d 31, 144 N.E.2d 24 (1957).

The motion to convene a three-judge court is denied; the motion for preliminary injunctive relief is denied; the complaint is dismissed for failure to state a substantial constitutional question so as to vest this court with jurisdiction under 28 U.S.C., sections 1331 and 1343.