Matter of Deem (2022 NY Slip Op 04722)

Matter of Deem

2022 NY Slip Op 04722

Decided on July 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2020-08181

[*1]In the Matter of Michael Anthony Deem, an attorney and counselor-at-law. (Attorney Reg. No. 2896801.)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1998. By order to show cause dated February 9, 2021, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the opinion and order of the United States District Court for the Southern District of New York dated June 17, 2016, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.

Courtny Osterling, White Plains, NY (Forrest Strauss of counsel), for Grievance Committee for the Ninth Judicial District.
Michael Anthony Deem, Yonkers, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order of the United States District Court for the Southern District of New York (hereinafter the Southern District) dated June 17, 2016, the respondent was suspended from the practice of law in that court for a period of six months and until further order of that court.
Southern District Proceedings 
On December 3, 2014, the respondent appeared at the federal courthouse in White Plains, and presented a court-issued Attorney Service Pass which allowed him to bring his cell phone into the building. A standing order of the Southern District (hereinafter the standing order) prohibited the use of cell phones to record events inside the courthouse.
The respondent had an appearance on behalf of the plaintiff creditors in courtroom 164 for a trial in a bankruptcy case, which was before Judge Sean Lane. While waiting for the proceedings to begin, before Judge Lane took the bench, the respondent used his cell phone to photograph an individual in the courtroom who he believed was conspiring with the defendant to hide bankruptcy assets. In addition, he "inadvertently" took video footage in the courtroom until he realized that his cell phone camera was set to the video, rather than the still-photo, setting.
The respondent was questioned by a court security officer, and admitted taking photos and video. Pursuant to the standing order, on December 3, 2014, United States District Judge Nelson S. Roman, a member of the court's Security Committee, revoked the respondent's Attorney Service Pass, and the matter was referred to the court's Committee on Grievances.
On May 21, 2015, the Committee on Grievances issued an order to show cause directing the respondent to respond to a statement of charges arising from his use of his cellphone in the courthouse. The statement charged the respondent with violating, among other things, rules 3.4(c) (a lawyer shall not disregard a standing rule of a tribunal) and 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and (h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness as a lawyer) of the Rules of Professional Conduct (22 NYCRR Part 1200).
In response, the respondent submitted an affidavit and supplemental affidavit. Neither disputed the facts recited in the statement of charges.
Thereafter, the Southern District's Committee on Grievances issued an opinion and order dated January 20, 2016. The opinion and order recited the underlying facts as set forth above, and found that the respondent committed a "blatant" violation of the standing order, which, in turn, constituted a "clear" violation of the above-cited Rules of Professional Conduct. The Committee on Grievances further found that the respondent's submissions raised no issues requiring a hearing. Based on the record and his admissions, the Committee on Grievances found that the respondent violated the above-cited rules. Although the respondent was afforded the opportunity to weigh in on the appropriate disciplinary sanction, he did not do so.
By opinion and order dated June 17, 2016, the Committee on Grievances considered "the absence of a dishonest or selfish motive, and Respondent's cooperative attitude towards this disciplinary proceeding, among other mitigating factors." Nonetheless, it was noted that "[t]here are serious aggravating circumstances present here, including Respondent's failure to acknowledge the wrongful nature of his conduct." The Committee on Grievances continued:
"The Court takes seriously the taking of photographs or video footage inside its courthouses because of the potential adverse impact on witnesses, litigants, and jurors. This point seems entirely lost on Respondent, who is far more dismissive than he is apologetic. The Court also notes that Respondent was previously sanctioned by this Court on at least two separate occasions for conduct entirely unrelated to the matter at issue here. See Bektic-Marrero v. Goldberg , 11-cv-1781 (CM) (AJP) (Minute entry dated Sept. 24, 2012), and Smith v Westchester Co. Dept. of Corr. , 07-cv-1803 (SS) (Dkt. Nos. 142, 144), aff'd , 13-4073 (Doc. # 74-1). The Committee concludes that the protection of the public and of the judicial system is best served by suspending Respondent from the practice of law in this district."
The Committee on Grievances suspended the respondent from the practice of law in the Southern District for a period of six months and until further order of that court.
The respondent did not notify this Court or the Grievance Committee of his suspension.
New York Proceedings 
By order to show cause dated February 9, 2021, this Court directed the respondent to show cause why reciprocal discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the Southern District's June 17, 2016 opinion and order, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In response to this Court's order to show cause, the respondent submitted an "affirmation." In that affirmation, the respondent does not address the misconduct that led to his suspension in the Southern District. Nor does he raise any of the defenses to the imposition of reciprocal discipline permitted by 22 NYCRR 1240.13(b). Rather, he contends that this Court lacks "subject matter jurisdiction" to impose discipline upon him because he was not registered as an attorney in New York on the date the Grievance Committee notified this Court of the Southern District's June 17, 2016 opinion and order, or on the date this Court issued its order to show cause. In addition, he argues that New York's attorney licensing scheme is unconstitutional.
The balance of the respondent's affirmation consists of a lengthy accusation of misconduct against certain New York State judges and others connected with matrimonial and Family Court matters in which he was a party, involving his wife and the custody of his children.
After his suspension in the Southern District, the respondent, pro se, commenced three federal court actions in that District against, among others, his wife and a number of New York State judges, including the Chief Judge of the State of New York and the then-Presiding Justice of this Court, seeking relief pursuant to 42 USC § 1983, pertaining to his New York State matrimonial and Family Court matters. All of those actions were dismissed. The respondent contends, among other things, that the "crux" of the Southern District's suspension order was his federal court litigation, and that the instant reciprocal disciplinary proceeding is "retaliation" against him for disclosing "corrupt" practices in the New York State court system.
Findings and Conclusion 
The respondent's contention that this Court lacks subject matter jurisdiction to impose discipline upon him is without merit. He was admitted to practice by this Court on December 16, 1998. Since then, he has not been disbarred, nor has he resigned as an attorney and counselor-at-law [*2]in this State. Accordingly, since at all relevant times his name has appeared on the roll of admitted attorneys, this Court has the authority to discipline him pursuant to Judiciary Law § 90(2).
The respondent's contention that New York's attorney licensing scheme is unconstitutional is not a defense to a reciprocal disciplinary proceeding (see 22 NYCRR 1240.13[b]), and in any event, is without merit (see Sweeney v Cannon , 23 AD2d 1, 3, mod on other grounds 30 NY2d 633; Lawrence v Stevens , 370 F Supp 805 [SD NY]).
Accordingly, we find that reciprocal discipline is warranted based on the discipline imposed by the Southern District.
In determining the appropriate measure of discipline to impose, even considering the mitigating factors the Southern District noted, this case presents a number of aggravating factors, in addition to those the Southern District considered. The respondent failed to report his Southern District suspension to this Court. He has a previous disciplinary history in New York; he received an admonition in April 2015, arising from his frivolous and vexatious conduct in connection with his representation of the plaintiff in a federal action in the Southern District. The federal judge presiding over that case sanctioned the respondent for baseless personal attacks on his adversary, which continued despite a prior warning that he desist from that conduct.
Further, the respondent's response to this Court's order to show cause goes beyond what the Southern District described as a "dismissive" attitude toward his admitted violation of that court's standing order. Rather than address the merits of his underlying misconduct or the appropriate measure of discipline to impose on him, the respondent makes meritless arguments, and in essence, accuses this Court of retaliating against him for pursuing his now-dismissed federal court actions arising from his New York State matrimonial and child custody matters.
In view of the foregoing, we conclude that a suspension for a period of six months is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Michael Anthony Deem, is suspended from the practice of law for a period of six months, commencing August 29, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 30, 2023. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Michael Anthony Deem, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id . § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Michael Anthony Deem, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Anthony Deem, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court