Matter of Deem (2024 NY Slip Op 01174)

Matter of Deem

2024 NY Slip Op 01174

Decided on March 6, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2023-06989

[*1]In the Matter of Michael Anthony Deem, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Michael Anthony Deem, respondent. (Attorney Registration No. 2896801)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1998. In an unrelated proceeding, by opinion and order of this Court dated July 27, 2022, the respondent was suspended from the practice of law for a period of six months, commencing August 29, 2022, and continuing until further order of this Court (see Matter of Deem, 208 AD3d 89).

Courtny Osterling, White Plains, NY, for petitioner.
Michael Anthony Deem, Yonkers, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
On August 3, 2023, the Grievance Committee for the Ninth Judicial District served the respondent, by physical delivery to the respondent, with a notice of petition and a verified petition, both dated July 31, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains 11 charges of professional misconduct, alleging that the respondent engaged in frivolous conduct, conduct that had no reasonable purpose other than to merely harass or maliciously injure another, conduct that disregarded or otherwise advised a client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, conduct intended to disrupt a tribunal, conduct that was prejudicial to the administration of justice, and conduct that adversely reflected on the respondent's fitness as a lawyer, in violation of rules 3.1(a), (b)(1) and (2), 3.3(f)(4), 3.4(c), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer, upon the Grievance Committee within 20 days after service upon him of the notice of petition and the petition. To date, the respondent has neither served nor filed an answer to the petition as directed.
The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon him as this Court deems appropriate, based upon his default. In response to the motion papers, the respondent submitted a letter that is unresponsive, in which he claims, inter alia, that the Grievance Committee and this Court have no jurisdiction over him and that, even if they did have jurisdiction, they should be disqualified for, among other things, bias and failing to process his improper resignation application.
Accordingly, the Grievance Committee's motion to deem the charges in the petition [*2]dated July 31, 2023, established is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the petition dated July 31, 2023, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Anthony Deem, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael Anthony Deem, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Michael Anthony Deem, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Anthony Deem, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court